The Chicago and Alton Railroad Company

*v.*

James Redmond.

*Opinion filed February 14, 1898.*

171   347
190   ³310

171   347
200   254
103a  ³203

171   347,
106a  ³505
108a  ³435

1. Appeals and Errors—*Appellate Court's affirmance settles questions of negligence and due care.* A judgment of the Appellate Court affirming a judgment against a railroad company in an action for personal injuries, conclusively settles the questions of the defendant's negligence and the plaintiff's exercise of due care.

2. Same—*judgment will not be reversed if declaration contains one good count applicable to evidence.* A judgment will not be reversed for alleged failure of the evidence to sustain certain counts, if there is one good count in the declaration to which the evidence applies.

3. Pleading—*when allegation of negligence is sufficiently specific.* An allegation of negligence in a declaration against a railroad company that "the defendant, by its said servants, so carelessly and improperly drove and managed the said locomotive and train that by and through the negligence and improper conduct of the defendant, by its said servants in that behalf, the said locomotive engine and train ran into and struck against the plaintiff," is sufficiently specific, after verdict, to support judgment for plaintiff.

*Chicago and Alton R. R. Co.* v. *Redmond,* 70 Ill. App. 119, affirmed.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. Francis Adams, Judge, presiding.

T. J. Scofield, for appellant.

Wing, Chadbourne & Leach, for appellee.

Mr. Justice Carter delivered the opinion of the court:

The Appellate Court has affirmed a judgment of the circuit court of Cook county in favor of appellee, against appellant, for a personal injury received by him at Lemont, in that county. Appellee, a boy about sixteen years old, living at Hastings, about a mile north of Lemont, had attended services at a church in Lemont on the Sunday

morning he was injured, and in company with several
boys was standing at the intersection of Canal and Ste-
phens streets, in Lemont, about one hundred feet north
of the crossing of Stephens street and appellant's rail-
road, when one Foley, driving a team of horses going in
a trot and hitched to a beer wagon, passed north on Ste-
phens street toward the railroad crossing, to Hastings.
Several of the boys, including appellee, climbed upon the
rear end of the wagon, and just as appellee stepped over
the chain across the rear end of the wagon bed, and while
passing the railroad crossing, appellant's passenger train
struck the hinder part of the wagon and inflicted the in-
jury upon the appellee complained of. Appellant had for
the previous year maintained gates or bars at this cross-
ing, but on the morning in question the gate-keeper was
not at his post and the gates were open.

It has been settled by the judgments below that the
injury was caused by the negligence of appellant, while
appellee was using due care for his own safety. We shall
not, therefore, follow counsel in their extended discussion
of the facts bearing upon this question. The appellant,
however, makes the point that the first count of the dec-
laration is not sufficient to support the judgment, for the
reason that it does not allege any specific negligence of
appellant which caused the injury. This count, after
setting forth in apt language that the defendant, by its
servants, was running its locomotive engine and train
upon its said road, and that the plaintiff was riding in
a wagon along the public highway at the crossing with
care and diligence on his part, alleged that "defendant,
by its said servants, so carelessly and improperly drove
and managed the said locomotive and train, that by and
through the negligence and improper conduct of the de-
fendant, by its said servants in that behalf, the said loco-
motive engine and train ran into and struck with great
force and violence against the plaintiff." A declaration
in substantially the same language was held good on de-

murrer in *Chicago City Railway Co.* v. *Jennings*, 157 Ill. 274. If good on demurrer it is surely sufficient after verdict.

The declaration contained five counts. It is not claimed by appellee that there was any evidence to sustain the last three counts. The second count alleged, among other things, failure to ring the bell or sound the whistle before approaching the crossing, and appellant insists such failure was not shown. There was a conflict of testimony on this point, which has been settled against appellant. But even if there was no evidence in support of this count the first count is sufficient to support the judgment.

It is next said the trial court erred in permitting certain questions put to appellant's witnesses on cross-examination to be answered, which tended, as we think, to test the knowledge of these witnesses as to the speed of the train. They had testified on their direct examination, one of them that the train was running at the time not to exceed four miles, and the other eight miles, an hour. No unreasonable latitude was allowed appellee in the cross-examination on this point.

Counsel next complain that error was committed in refusing the sixteenth instruction asked by appellant, respecting the duty resting upon appellee to observe due care and caution for his own safety. The jury were fully instructed on this point in several instructions given to them on behalf of appellant, and it was not error to refuse another on the same point.

Some other criticisms are made upon the rulings in respect to other instructions, but we regard them as unimportant.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*