## MATILDA EBNER, Admx.

### *v.*

## A. N. MACKEY.

*Opinion filed June 21, 1900.*

1. APPEALS AND ERRORS—*rulings on evidence not considered in absence of exceptions.* The correctness of the trial court's rulings on evidence is not presented for review on appeal, in the absence of any exception thereto being preserved.

2. EVIDENCE—*physician suing for services not required to prove necessity for visits.* A physician called to attend a case must determine the frequency of his visits, and if the patient accepts his services without requesting him to come less frequently or without fixing the time for visits, he cannot, when sued by the physician for his services, require the latter to prove the necessity for making such visits or be heard to say that the visits were unnecessary.

*Ebner* v. *Mackey*, 87 Ill. App. 306, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Mercer county; the Hon. HIRAM BIGELOW, Judge, presiding.

This was a claim by appellee, a physician, against the estate of Andrew Ebner, deceased, for medical services rendered Ebner and his wife. The claim, as sworn to and lodged with the county clerk for filing, was for $370. Before claim day $50 was paid thereon. At the trial in the circuit court before a jury, on an appeal from the county court, said credit was allowed, and a verdict was rendered and judgment was entered for $320. The administratrix appealed to the Appellate Court. The Appellate Court has affirmed the judgment, and granted a certificate of importance.

CONNELL & THOMASON, for appellant.

GEORGE A. COOKE, and JAMES M. BROCK, for appellee.

Per CURIAM: In deciding this case, the Appellate Court delivered the following opinion:

"Complaint is made of the rulings of the trial court in the admission and rejection of testimony. No exception was preserved to any of these rulings, and their correctness is, therefore, not presented to us for decision.

"On the motion of defendant for a new trial it was assigned as a ground for granting a new trial, that the verdict was contrary to the law and the evidence. No reason is shown why the verdict is contrary to law. There was much conflicting evidence as to whether all the services charged for were rendered, and as to whether the services rendered had not been settled for by Ebner in his lifetime. The jury determined these questions for claimant, and there was evidence to support the verdict. The books of claimant were in evidence, showing charges from day to day and time to time during a period of several years, in which time it is conceded claimant did often attend upon the parties professionally, and especially upon Mrs. Ebner. One witness for defendant gave certain dates in the summer of 1897 between which, she testified, Ebner and wife were in Colfax, Iowa. During this period claimant's books contained several charges against deceased, and it is argued that the jury should, in any event, have disallowed those charges. The jury saw this witness and heard her testimony. She was contradicted by the daily entries in the claimant's books. There was a shorter period the same summer, during which the books contained no charges against deceased. Some doubt was thrown upon the correctness of the dates given by the witness by the testimony of another witness for defendant, who at two different times lived in the Ebner family, but did not live there during the summer of 1897, and yet remembered the fact of Mr. and Mrs. Ebner going to Colfax. The jury evidently concluded the witness was mistaken either as to the date or length of the stay at Colfax. We are unable to say

they were wrong, or that another jury would reach a different conclusion upon the same evidence.

"The court gave the following instruction for claimant:

"'The jury are, instructed, as a matter of law, that the physician attending a patient is the proper and sole judge of the necessary frequency of the visits to his patient so long as the patient is in his charge, and in an action for his services the physician is not required, under the law, to prove the necessity of his making the number of visits that he makes and for which he is seeking compensation.'

"Upon this subject, Wood on Master and Servant (sec. 177) says: 'A physician is to be deemed the proper judge of the necessity of frequent visits to his patient, and the court will presume that all the professional visits made by him were necessary. Hence, in an action for his services, he is not called upon to prove the necessity of making the number of visits he did. The physician being responsible for the want of care and faithful attention to his patients, a contrary rule would work great hardship to him and subject him to undue perils.' To the same effect is *Todd* v. *Myers,* 40 Cal. 357. *Chicago, Burlington and Quincy Railroad Co.* v. *George,* 19 Ill. 510, does not, as supposed, announce a contrary doctrine. There, a person injured in a railroad collision brought suit for damages, and sought to recover, among other things, his medical attendance. Of course, he could not recover against the railroad company for all medical attendance he had chosen to have, but only for such as was necessary in curing his injuries. But where a physician is called by a party to treat him or his wife, and he takes charge of the case and attends from day to day, evidently, in view of his responsibility for skillful and proper treatment, he must, in the first instance, determine how often he ought to visit the patient, and, so long as the party employing him accepts his services and does not discharge him, or require him to come less frequently, or fix the times when he wishes him to attend, he cannot after-

wards be heard to say the physician came oftener than was necessary. There was no proof that claimant came when he was forbidden to come, or that he was discharged and continued to attend thereafter. Deceased and his wife called claimant and accepted his services without question. Under the circumstances of this case the instruction was proper.

"Some expressions in other instructions given for the claimant may have been slightly inaccurate, but they were substantially correct. The jury were fully instructed for defendant. The instructions asked by defendant and refused, so far as not embraced in given instructions, were either erroneous or so involved or confusing as to warrant their refusal.

"We find in the record no reversible error. The judgment is therefore affirmed."

We concur in the foregoing views and in the conclusion above announced. Accordingly, the judgment of the Appellate Court is affirmed.    *Judgment affirmed.*