# F. E. Wright v. Rosella Craig.

1. DECLARATION—*when, sufficiently alleges that land was free of encumbrance.* An allegation in a declaration to the effect that the deed which the plaintiff executed and tendered to the defendant and afterwards deposited in a bank for the defendant, conveyed the land in question in fee simple free of all encumbrance, argumentatively avers that the plaintiff was then seized in fee simple of the premises, that the same were free of encumbrance, and that the deed was a warranty deed.

2. ARGUMENTATIVE PLEADING—*how reached.* Argumentativeness in pleading can only be reached by special demurrer.

3. LIQUIDATED DAMAGES—*when provision for, does not absolutely fix defendant's liability for breach of contract.* Where a party does not execute his option to terminate a contract and seek to recover the amount specified therein by way of liquidated damages, he may keep the contract alive and claim damages irrespective of the amount fixed by the contract in an action for a breach thereof.

Action of assumpsit. Appeal from the Circuit Court of Champaign County; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this

court at the May term, 1904. Reversed and remanded. Opinion filed October 14, 1904.

C. D. THOMAS, for appellant; RAY & DOBBINS, of counsel.

L. A. WEAVER, for appellee.

MR. JUSTICE GEST delivered the opinion of the court.

This suit is brought by appellant Wright to recover damages for alleged breach of contract for the sale by appellant to appellee of a quarter section of land.

The contract bears date November 20, 1902. The declaration, which consists of two counts, sets out the contract *in haec verba* in each count, by which it appears that Wright agreed to convey to Craig " in fee simple, clear of all encumbrances whatever, by a good and sufficient warranty deed," the quarter section, for the sum of $16,000, $5 cash in hand, $995 " as soon as abstract to said land is furnished by said Wright and title to same approved to said land by said Craig; $10,000 March 1, 1903, and in place of balance of $5,000, Rosella Craig is to make F. E. Wright warranty deed clear of all encumbrances" to a lot in the town of Champaign. Deeds were to be executed upon approval of title and deposited at Champaign National Bank until March 1, 1903; possession of properties to be given March 1, 1903. The contract further provides that in case of failure of Craig to make payments, the contract, at the option of Wright, shall be forfeited and all payments made shall be retained by Wright in satisfaction and liquidation of damages. The first count of the declaration avers the payment of the five dollars; that plaintiff on November 25, 1902, furnished defendant abstract of title to the quarter section and that on January 8, 1903, the same was approved by defendant; that ever since such approval the defendant has refused to pay anything further, and thereupon plaintiff demanded of defendant full performance of the contract, and on February 27 duly executed and acknowledged a warranty deed "conveying said land in fee simple, free of all encumbrances, to defendant;" that he tried to deliver the deed to defendant but defendant refused to accept it, and

that thereupon on February 28, 1903, he deposited the deed at the Champaign National Bank, and there left the same until March 10, 1903, with instructions to the bank to deliver it to the defendant on receipt of the balance of the purchase money and a deed from defendant for the Champaign lot; that on February 28, 1903, and for ten days thereafter, plaintiff was able, ready and willing to convey said land to defendant in fee simple, free of all encumbrances, by good warranty deed, yet, etc.

The defendant filed a general demurrer to the declaration; the court sustained the demurrer, the plaintiff abided by his declaration, and thereupon the court dismissed the suit at plaintiff's cost.

The sufficiency of the declaration is the only question before us. The first and most important objection that is urged by appellee to the declaration is that it does not aver that plaintiff at any time at or after the making of the contract was the owner of the land, and that it was free of encumbrances. It will be seen from the foregoing statement that plaintiff does aver that the deed he executed and tendered to defendant and afterwards deposited in the bank for defendant, conveyed the land in fee simple, free of all encumbrances. Argumentatively, this language is an averment that plaintiff was then seized in fee of the premises, that the same were free of encumbrances and that the deed was a warranty deed. It is laid down in Stephen on Pleading (star page 384), "Pleadings must not be argumentative; in other words they must advance their positions of fact in an absolute form and not leave them to be collected from inference and argument only;" but that rule is one that concerns matters of form only, and not of substance. A general demurrer does not reach matters of form. Matters of form can be reached only by special demurrer. Argumentativeness in pleading can only be reached by special demurrer. Cover v. Armstrong, 66 Ill. 267. The demurrer to the declaration was general only.

It is also urged that the declaration is defective in not averring that plaintiff presented to the defendant a deed for

the premises which she was by the agreement to convey to plaintiff and demanded its execution and delivery by her. No obligation rested on the plaintiff to prepare and present such deeds.

Again, it is contended by defendant that by the terms of the contract the five dollars paid in cash at the execution of the contract constitute liquidated damages, and absolutely fix the amount of defendant's liability for any breach of the contract by her. The contract is determinable by its terms at the option of the plaintiff. He has not determined it; he is insisting upon its validity. He has not forfeited, annulled, put an end to it, but is claiming damages by reason of the alleged breach thereof by defendant. It is not within the power of the defendant to say that the contract is at an end simply because she declined to carry it out. She has no such option. The first count, though very unskillfully drawn, is not obnoxious to a general demurrer upon the grounds presented. The averments of the second count, taken as true, clearly show the plaintiff has no cause of action. It is unnecessary to discuss that count.

For the error indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*