## Frank E. Schultz, Appellant, v. Chicago Great Western Railroad Company, Appellee.

### Gen. No. 27,103.

1. WORKMEN'S COMPENSATION—*liability of third person when injury compensable by employer.* The right of action created for the benefit of an injured employee against a third person causing the injury, by the provisions of the Workmen's Compensation Act, sec. 29, Cahill's Ill. St. ch. 48, ¶ 229, that where an injury compensable by the employer is not proximately caused by the negligence of the employer but by the negligence of some third person who has elected not to be bound by the act, legal proceedings may be taken against such third person, is dependent upon the employee's right to compensation from his employer, and section 29 is inapplicable where both employer and employee were under the exclusive application of the Federal Employers' Liability Act, the injuries having been received while both employer and employee were engaged in interstate commerce.

2. NEGLIGENCE—*common-law right of action for injuries where statutory remedies inapplicable.* An employee of one railroad who was injured by the negligence of another railroad company under circumstances which give him no right of action or remedy under the Federal Employers' Liability Act or the State Workmen's Compensation Act, has a right of action at common law against such other railroad for negligence.

3. NEGLIGENCE—*sufficiency of allegation of actionable negligence.* A declaration charging common-law negligence by an allegation that defendant "negligently, carelessly, wrongfully and improperly" ran its locomotive into and against the one on which plaintiff was riding sufficiently alleges a duty to plaintiff and the facts of negligence to charge defendants and states a cause of action.

Appeal from the Circuit Court of Cook county; the Hon. HARRY B. MILLER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1921. Reversed and remanded with directions. Opinion filed November 29, 1922.

WILLIAM WALLACE McCALLUM and BUSCH, LEESMAN & ROEMER, for appellant.

WINSTON, STRAWN & SHAW, for appellee; RALPH M.

Shaw, Walter H. Jacobs and Charles J. McFadden, of counsel.

Mr. Justice O'Connor delivered the opinion of the court.

Plaintiff brought suit against the Pittsburgh, C., C. & St. L. Railway Company and the Chicago Great Western Railroad Company to recover damages for personal injuries. Afterwards he dismissed the suit as to the Pittsburgh, C., C. & St. L. Company and filed an amended declaration against the other defendant. A demurrer to the amended declaration was sustained and the suit dismissed, to reverse which plaintiff prosecutes this appeal. The only question to be decided, therefore, is did the amended declaration state a cause of action.

Plaintiff's position is that the amended declaration states a good cause of action at common law against the defendant for personal injuries. On the other hand, defendant's contention is that it appears from the amended declaration that plaintiff and his employer, the Pittsburgh, C., C. & St. L. Company, were engaged in interstate commerce at the time he was injured, and, therefore, his right of action is controlled exclusively by the Federal Employers' Liability Act. Defendant further contends that since the federal act only concerns the liability of an employer to his employees, it cannot apply in the instant case because the injury was caused by a third party not plaintiff's employer. Having thus eliminated the federal act, defendant contends that whatever rights plaintiff may have are determined by the Illinois Workmen's Compensation Act, and that since the amended declaration failed to state a cause of action under the latter act the demurrer was properly sustained.

The allegations of the amended declaration substantially are: that on December 25, 1917, plaintiff was employed by the Pittsburgh, C., C. & St. L. Company

as a locomotive engineer; that this railroad company was engaged in interstate commerce; that at the time plaintiff was injured he was operating one of this company's locomotives in interstate commerce, and while in the performance of such duties and in the exercise of all due care for his own safety the Chicago Great Western Railroad, whose tracks intersected the tracks of plaintiff's employer, "negligently, carelessly, wrongfully and improperly by and through its certain agents and servants, ran, managed and operated its locomotive into, upon and against the locomotive upon which the plaintiff was riding" as a result of which plaintiff was thrown out of the cab of the locomotive in which he was riding and injured.

Since it appears from the allegations of the declaration that plaintiff and his employer were engaged in interestate commerce at the time he was injured, any right of action he might have against his employer is governed exclusively by the Federal Employers' Liability Act, and he has no right against his employer under the common law or the statutes of the various States. *Staley v. Illinois Cent. R. Co.*, 268 Ill. 356; *New York Cent. R. Co. v. Winfield*, 244 U. S. 147. But the only rights of an employee affected by the federal act are those he has against his employer. *Staley v. Illinois Cent. R. Co., supra; Wagner v. Chicago & A. R. Co.*, 265 Ill. 251; *Chicago & A. R. Co. v. Wagner*, 239 U. S. 455 [11 N. C. C. A. 1087]; *Hull v. Philadelphia & Reading Ry. Co.*, 252 U. S. 475 [20 N. C. C. A. 115].

It is obvious, therefore, that plaintiff's right of action in the instant case, being against a third person and not against his employer, is in no way affected or controlled by the federal act. And, in fact, what we have stated is conceded to be the law by both parties. The only intimation that the law as stated is not firmly established appears in the cases of *Chicago & Alton R. Co. v. Industrial Commission*, 288 Ill. 603, and *Pitts-*

*burgh, C., C. & St. L. Ry. Co. v. Industrial Commission,*
291 Ill. 396, neither of which was referred to by counsel for either party on the point under consideration.

In the *Alton* case that company's employee was seeking to recover compensation from the defendant under the Illinois Workmen's Compensation Act. The contention of the railroad company there was that the State act did not apply because the company and its employee were engaged in interstate commerce. In that case it appears that the employee, a flagman, was struck and injured by a train operated by the Chicago, P. & St. L. R. Company, not his employer. Substantially the only question considered in that case was as stated by the Supreme Court (p. 607): "Was Thomas Clark (the employee) at the time he received this injury engaged in interstate commerce?" The court there discussed the authorities on this question at considerable length and held that Clark was engaged in interstate commerce at the time he was injured and, therefore, the State act did not apply and that his rights, if any, against his employer were governed by the federal act. After disposing of this question, however, the court used this language (p. 613): "It has been contended by defendant in error that while the deceased may have been killed by a train engaged in interstate commerce, he was not killed by the train of the plaintiff in error; therefore, he was not engaged in interstate commerce of his employer. We cannot agree with this view. If an employee is engaged in protecting the instrumentalities of the interstate commerce of his master and is killed in the course of this employment, his injuries arise out of his employment and the cause is one within the scope of the Federal Employers' Liability Act, regardless of who inflicts the injury causing the death." This language was used in disposing of the question whether the employee had any rights against his employer under the Workmen's Compensation Act of this State or whether his

Schultz v. Chicago Great Western R. Co., 226 Ill. App. 559.

rights were controlled exclusively by the federal act. No contention was made in that case that the injured person, Clark, had a common-law right of action against the railroad company causing the injury to him.

In *Pittsburgh, C., C. & St. L. Ry. Co. v. Industrial Commission, supra,* it appears that Frank Rosinske, a crossing flagman employed by the Pittsburgh, C., C. & St. L. Company, was struck and killed by a Chicago, M. & St. P. train while in the performance of his duty, and it was sought by his administrator to obtain compensation under the State act against the deceased's employer. The court held, following the *Staley* and *Alton* cases, *supra,* that any claim the administrator might have against the deceased's employer was governed by the federal act, and, therefore, there was no right to compensation under the State act. And in referring to the *Alton* case the court said (p. 399): "In this last case it was held by this court that if an employee of a railroad company is engaged in protecting the instrumentalities of the interstate commerce of his master and is killed in the course of this employment, his injuries arise out of his employment and the cause is one within the scope of the Federal Employers' Liability Act, regardless of who inflicts the injury causing the death." In that case as in the *Alton* case no contention was made that the representatives of the deceased might have an action at common law against the railroad company causing the death of the deceased. So that it clearly appears that the question now under consideration was not involved in either of those two cases.

The defendant contends that plaintiff's right of action, if any, against it is controlled by the second part of section 29 of the Workmen's Compensation Act of this State [Cahill's Ill. St. ch. 48, ¶ 229], but that the amended declaration fails to state a cause of action because it contained no allegation that defendant had

elected not to be bound by that act. Section 29 provides that where an injury for which compensation is payable by the employer under that act was not proximately caused by the negligence of the employer or his employees, but was caused under circumstances creating a legal liability for damages in some third person other than the employer to pay damages, such third person having elected not to be bound by the act, then legal proceedings may be taken against such third person to recover damages notwithstanding the employer's payment of or liability to pay compensation under the act. But in such case, if the action is brought against such third person by the injured employee and judgment obtained or settlement made, then from the amount recovered by such injured employee there shall be paid to his employer the amount of compensation paid or to be paid by such employer to the injured employee.

The right of action created by this section for the benefit of an injured employee against the third party causing the injury is dependent upon the employee's right to compensation from his employer, and since, in the instant case, plaintiff has no such right of compensation against his employer because of the exclusive application of the federal act to all cases where such employer and employee are engaged in interstate commerce, it is obvious that section 29 of the State act cannot apply.

From the foregoing it follows that under the circumstances disclosed by the record the plaintiff could not proceed against his employer at common law or under the Workmen's Compensation Act, but could proceed against it only under the Federal Employers' Liability Act. And it further follows that plaintiff's claim against the defendant is not affected by the federal act nor is it in any manner affected by the State act. And since neither act has any application here, plaintiff's right of action at common law remains unim-

paired. Therefore, if the amended declaration states a good cause of action at common law, the demurrer should have been overruled.

But the defendant contends that even if it be held that neither the federal act nor the State act applies to the instant case, the demurrer was properly sustained because the declaration did not state a cause of action at common law in that it fails to allege any duty owing from the defendant to the plaintiff, and that it also fails to allege any facts upon which negligence of the defendant could be based. We think that the allegation that the defendant negligently, carelessly, wrongfully and improperly ran its locomotive into and against the one on which plaintiff was riding is sufficient within the rule announced in the case of *Chicago City Ry. Co. v. Jennings,* 157 Ill. 276.

The judgment of the circuit court of Cook county is reversed and the cause remanded with directions to overrule the demurrer to the amended declaration.

*Reversed and remanded with directions.*

Thomson, P. J., and Taylor, J., concur.