(No. 16119.—Cause transferred.)

THE ILLINOIS CENTRAL RAILROAD COMPANY, Appellant, *vs.* THE QUEEN CITY BUILDING CORPORATION *et al.* Appellees.

*Opinion filed October 28, 1924.*

1. FREEHOLD—*bill to compel removal of obstructions from complainant's land does not involve freehold.* A bill for a mandatory injunction to compel the removal of obstructions in the form of building encroachments, which it is alleged extend over the complainant's land from the adjoining lot, does not involve a freehold, where all the parties admit that the land alleged to be encroached upon belongs to the complainant.

2. SAME—*general rule as to when freehold is involved.* A freehold is involved only where the necessary result of the decree is that one party gains and the other party loses a freehold, or where the title to the freehold is so put in issue by the pleadings that the decision of the case necessarily involves a decision of such issue.

APPEAL from the Circuit Court of Marion county; the Hon. WILLIAM B. WRIGHT, Judge, presiding.

NOLEMAN, SMITH & DALLSTREAM, (WALTER S. HORTON, CHARLES E. FEIRICH, and G. A. DUPUY, of counsel,) for appellant.

CHARLES F. DEW, and E. B. VANDERVORT, for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Appellant, the Illinois Central Railroad Company, filed its bill in the circuit court of Marion county alleging that it is the owner in fee of two parcels of land located in the city of Centralia; that appellees, the Queen City Building Corporation and City National Bank, are owners of a parcel of land immediately adjoining the parcels owned by appellant; that appellees erected a five-story building on their parcel of land; that the footings beneath the surface of the ground and the copings, eaves and other projections on

the south and west sides of said building extend a distance of eighteen inches over and onto the parcels of land belonging to appellant; that this appropriation by appellees of the lands of appellant was made over the objections of appellant; that appellees have no interest of any kind in the parcels of land owned by appellant and that the encroachments and uses made of appellant's lands by appellees are unlawful. The bill prays for the issuance of a mandatory injunction compelling appellees to remove the obstructions placed under, over and upon the lands of appellant and to restore possession of said lands to appellant. A general and special demurrer filed to the bill was sustained. Appellant stood by its bill and the chancellor dismissed the same for want of equity. Thereupon appellant prosecuted its appeal to this court.

Counsel do not suggest on what theory they prosecute the appeal to this court to review this decree and we find no assignment of error which gives this court jurisdiction. The only theory which could have prompted counsel to bring the case to this court is that a freehold is involved. This, however, is not true, because all parties admit that the fee to the strips of land in controversy is in appellant. A freehold is involved only where the necessary result of the decree is that one party gains and the other party loses a freehold, or where the title to a freehold is so put in issue by the pleadings that the decision of the case necessarily involves a decision of such issue. *Cunningham* v. *Cunningham,* 303 Ill. 41; *Gits* v. *Ullrich,* 288 id. 527; *Irwin* v. *Manley,* 276 id. 353.

The cause is transferred to the Appellate Court for the Fourth District.                    *Cause transferred.*