WALENTY SOBCZENSKI *et al.* Appellants, *vs.* KING JOHN 3D SOBIESKI No. 1 BUILDING AND LOAN ASSOCIATION, Appellee.

*Opinion filed October 22, 1927.*

1. FREEHOLD—*when a freehold is involved.* A freehold is involved only where the necessary result of the decree is that one party gains and another party loses a freehold, or where the title of the freehold is so put in issue by the pleadings that the decision of the case necessarily involves a decision of such issue.

2. SAME—*freehold is not involved in suit to compel execution of contract for sale.* The word "freehold" does not include the mere right to do that which in equity will entitle a party to a freehold, and where an agreement made at the time a cash payment is made provides that a contract of sale is to be executed two days later on the payment of a further specified sum, a suit to compel the execution of the contract does not involve a freehold, where by the terms of the proposed contract the deed is not to be delivered until after the completion of the payment of the balance of the purchase price in monthly installments running for ten years.

APPEAL from the Superior Court of Cook county; the Hon. OSCAR HEBEL, Judge, presiding.

MORRIS & ALLEN, for appellants.

W. OTTO WIELGORECKI, and LEE WALKER, for appellee.

Per CURIAM: The appellants filed a bill in the superior court of Cook county alleging that the appellee association entered into a contract with the appellants for the sale of certain real estate described therein for the consideration

of $4500,—$100 cash to be paid on December 11, 1922, and $900 to be paid on December 13, 1922, when a contract for a warranty deed was to be executed and delivered by the appellee to the appellants. As a further consideration for the conveyance the complainants were to pay the defendant the sum of $3500 in monthly installments of $25, with interest. The bill alleges that the appellants have paid the $100 cash payment and have always been ready and willing to comply with the terms of the contract and to pay the sum of $900 "on its delivery of a sufficient contract for warranty deed to complainants according to its agreement, but defendant refused to perform its part of the agreement or make and deliver to complainants a sufficient contract for warranty deed." The prayer of the bill is that the defendant be decreed "to perform said agreement and make a sufficient contract for a warranty deed." The appeal has been brought to this court on the theory that a freehold is involved.

The bill is for the specific performance of an alleged agreement to make a contract for a deed. Under the terms of the alleged agreement $3500 of the purchase price was to be paid at the rate of $25 per month. The contract does not call for a deed prior to the completion of such payments, which would require a period of ten years. A freehold is involved only where the necessary result of the decree is that one party gains and another party loses a freehold, or where the title of the freehold is so put in issue by the pleadings that the decision of the case necessarily involves a decision of such issue. (*Illinois Central Railroad Co.* v. *Queen City Building Corp.* 313 Ill. 539; *Cunningham* v. *Cunningham,* 303 id. 41; *Gits* v. *Ullrich,* 288 id. 527; *Irwin* v. *Manley,* 276 id. 353.) In *Peterson* v. *Peterson,* 264 Ill. 121, it was held that the right to redeem under a conveyance claimed to be a mortgage does not involve a freehold, for the reason that a decree in favor of the party claiming the right of redemption merely establishes his right to re-

deem,—a right of which he might or might not avail himself; that in such a case a gain or loss of freehold would not be the necessary result of the decree but would depend upon subsequent acts of the party whose right to redeem was determined, which acts he might or might not perform. The word "freehold" does not include the mere right to do that which in equity will entitle a party to a freehold. (*Reagan* v. *Hooley,* 247 Ill. 430; *Ryan* v. *Sanford,* 133 id. 291.)   In *Kirchoff* v. *Union Mutual Life Ins. Co.* 128 Ill. 199, the bill alleged an agreement of the defendant to allow the mortgagor, after foreclosure and a conveyance of his equity of redemption in discharge of the mortgage deed, to redeem a part of the premises at its appraised value, in ten equal annual installments.   In that case this court held that since the bill failed to show any agreement on the part of the insurance company to re-convey before full payment of the redemption money had been made no freehold was involved; that the only decree which complainant could have, if any, would be that he be allowed to redeem, which he might or might not do after securing the right.   In this case the contract does not call for a deed until there is complete payment of the purchase price at the rate of $25 per month, which, as we have seen, would require a period of ten years for completion.   If the decree prayed for be entered, the appellants might or might not avail themselves of the right granted them by the decree and thus would never become entitled to a deed.

This court has no jurisdiction of this cause, and it must therefore be transferred to the Appellate Court for the First District.