(No. 27088.—■■■■■■■)
CHARLES MOULOPOULOS *et al.*, Appellants, *vs.* THE NORTHERN TRUST COMPANY, Appellee.

*Opinion filed September 24, 1943.*

H. M. PHIPPS, for appellants.

PAM, HURD & REICHMANN, (ARTHUR M. COX, and LESTER G. BRITTON, of counsel,) for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This appeal seeks the reversal of an order of the circuit court of Cook county striking the complaint and dismissing the suit of appellants, George Moulopoulos, Charles Moulopoulos and Philip Moulopoulos, against defendant, The Northern Trust Company, of Chicago. The complaint contained no designation as to whether it was in law or equity, but the cause was placed on the chancery docket. In sustaining a motion to strike, the chancellor entered an order finding the complaint insufficient as to the equitable issues and gave plaintiffs leave to amend within twenty days by setting forth any equitable issues in separate counts. In the same order the law issues or causes of action were by the court transferred to the law side for disposition on the motion to dismiss. A motion to vacate that order was denied and another judge, hearing the law calendar, sustained the motion as to all law issues and gave plaintiffs five days to amend. On the failure of plaintiffs to meet the rule an order was entered dismissing the suit at their costs. An appeal is prosecuted directly to this court.

It is contended by appellee's counsel in this case that there is a lack of jurisdiction in this court because no freehold is involved; that there are no averments in the pleadings showing that a franchise or freehold is involved or any constitutional question raised; that the only relief

prayed for is the recovery of damages. Since neither party gained nor lost a freehold as a necessary result of the order appealed from, our inquiry must be limited to the question whether the title to a freehold is so put in issue by the pleadings that a decision of the case necessarily involves a determination of such issue. (*Lederer* v. *Rosenston,* 329 Ill. 89; *United Electric Coal Cos.* v. *Keefer Coal Co.* 338 Ill. 288.) In order to arrive at a solution of the problem, it is necessary to analyze the complaint which contains many confusing averments and a prayer for relief that does not aid in clarifying the pleadings.

Eliminating excess verbiage, the complaint as amended avers, in substance, that defendant, as executor of the estate of Edward H. Pitkin, deceased, and as such claiming to be the owner of a $40,000 note secured by a trust deed or mortgage on certain Cook county real estate belonging to plaintiffs, filed a suit to foreclose, which resulted in the appointment of a receiver for said properties, a decree for the sale of the premises, the purchase thereof by The Northern Trust Company and a deficiency decree for $9528.77. It is then averred that shortly prior to the institution of the foreclosure proceedings The Northern Trust Company, through its duly authorized officers, entered into an oral agreement with George Moulopoulos and Charles Moulopoulos, who had acquired the interest of Philip Moulopoulos, by which the executor agreed that upon the conclusion of the foreclosure proceedings and after the procurement of a deed to the premises, the purchaser would deliver to George Moulopoulos a contract for a warranty deed thereto for a sum equal to the amount due on the mortgage, plus interest, taxes advanced and costs of suit, less rentals and other income collected from said premises, the said amount to be paid by George Moulopoulos in monthly or quarterly payments. The complaint then contains many charges of misconduct by the receiver

and his attorneys who were also attorneys for The Northern Trust Company, after which it is alleged that The Northern Trust Company and its attorneys not only took charge of the foreclosure proceedings, but of "all and every interest and absolutely dictatorial control over every interest of defendants, or equity owners, * * * for the purpose of complying with and living up to the terms of the agreement," and that after the deed was delivered by the master to the said executor as purchaser, after the expiration of the period of redemption, the said purchaser, The Northern Trust Company, has persistently and consistently refused to comply with the original agreement and to reconvey said premises to the "plaintiffs," in accordance with said agreement. Additional averments are, that the receiver reported and had the court approve a less amount of rent collected than that called for in two leases; that he renewed one lease five months prior to its expiration date for a reduction in rent, so that plaintiffs lost $3066, which should have been applied on the deficiency decree and that the receiver made various wrongful expenditures which aggregated $2160.99.

The relief prayed is that the acts and doings of The Northern Trust Company, representing itself to be the owner of the note and trust deed, the acts and dealings of the receiver, the representation, inducements and promises made by The Northern Trust Company, which prevented representative of complainants from defending vigorously the allegations of fraud and deception, the motives and effects thereof, the reduction of rentals, the charges, expenditures and allowance of fees and "any subsequent acts affecting the title to said premises since the institution of the original proceedings," be inquired into. The prayer for relief concludes with the request that the court find that this proceeding is not an attempt to review a former judicial proceeding but that it is an original proceeding

based upon fraud by The Northern Trust Company to the damage of the plaintiffs in the sum of $200,000.

The grounds set forth in the motion to strike are: (a) that the alleged agreement is in violation of the statute of frauds; (b) that it is without consideration; (c) that the allegations are mere conclusions; (d) that the nature and extent of the damages are not stated; (e) that the decrees entered in the foreclosure proceedings are *res judicata;* (f) that the action is barred by limitation; and, (g) that the complaint states no facts entitling plaintiffs to relief in law or equity.

It is apparent from the most liberal view of the pleadings that no freehold is involved. If the action is one for damages only, as the final prayer for relief indicates, it is not a question for this court. It is true plaintiffs allege in their petition that The Northern Trust Company, before their foreclosure proceedings, while acting as trustee of the Edward H. Pitkin estate, agreed with George Moulopoulis, a coplaintiff, and his attorney, to foreclose the trust deed and, upon receipt of a master's deed, to deliver to George Moulopoulos a contract for a warranty deed to said premises. However, no particulars of the agreement are set forth alleging the amount to be paid or time the agreement was to run. No averments are made that George Moulopoulos ever offered to perform or was able to carry out and perform this alleged oral agreement. The petition does not pray that the alleged agreement be enforced or that appellee be decreed to convey the premises upon the payment of the amount due on the mortgage. Neither does it allege that any offer was made to pay such sum. The suit could not result in one party gaining and the other losing a freehold estate, and conceding that the contract, as alleged, was made, appellants would only become entitled to a conveyance upon performance on their part. (*Kesner* v. *Miesch,* 204 Ill. 320.) The word "free-

hold" does not include the mere right to do that which in equity will entitle a party to a freehold and a cause in which it is sought to compel the defendant to make a con-tract for a deed on an agreement that the deed will only be made after the completion of payments in ten years' time, must be transferred to the Appellate Court. *Sob-czenski* v. *Sobieski Building Ass'n,* 327 Ill. 47.

We are restricted in the instant case to the pleadings to determine whether or not sufficient allegations are made to constitute a cause of action involving a freehold. If no cause of action involving a freehold is stated, we are without jurisdiction as to this question. It is true that the Civil Practice Act shall be liberally construed to the end that controversies may be speedily and finally determined according to the substantive rights of the parties. However, we must not lose sight of the most important rule and one which should always be kept in mind as provided by the Civil Practice Act, that it "shall not be deemed to affect in any way the substantial averments of fact necessary to state any cause of action either at law or in equity." Ill. Rev. Stat. 1941, chap. 110, par. 155, sec. 31.

The petition is replete with charges of fraudulent injuries to the plaintiffs and of fraudulent acts on the part of the defendant but such fraudulent acts are stated in general terms. The cause of action, if any, by such allegations as appear therein would be for damages for alleged fraudulent injuries to the plaintiffs. Such questions can not properly be considered by this court.

The allegations not being sufficient to present a question of freehold to this court and no other question being presented which would give this court jurisdiction, the cause is transferred to the Appellate Court for the First District.