(No. 32428.-

LUCY BUGGS *et al.*, Appellants, *vs.* ZOLA HILL, Appellee.

*Opinion filed May 20, 1953.*

SHULMAN, SHULMAN & ABRAMS, MILTON K. JOSEPH, and HARRY GEORGE, all of Chicago, for appellants.

LEROY G. CHARLES, and JAMES G. LEMON, JR., both of Chicago, for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Certain heirs-at-law of Ponder Howard, deceased, brought a suit in the superior court of Cook County against Zola Hill, seeking to set aside, on the ground of fraud and misrepresentation, a deed and an assignment executed by plaintiffs and the remaining heirs. A hearing was had, and a decree was subsequently entered dismissing the complaint for want of equity. Plaintiffs appeal directly to this court, on the theory that a freehold is involved.

It appears from the record that about three months before his death Ponder Howard entered into a contract with Amy M. Moore and Vernett B. Moore, for the purchase of certain real estate. Under the terms of the contract he paid $2500 down on a total purchase price of $15,000, and agreed to pay the balance at the rate of $150 per month. About two months after his death his heirs executed and delivered a quitclaim deed and an assignment, purporting to convey to defendant their interest in the contract and the real estate described therein. They also signed an agreement with defendant that the deed and assignment were given in settlement of a claim of defendant against the estate of Ponder Howard, deceased. The deed and assignment constitute the subject of this suit.

It is clear from this record that no freehold is involved so as to confer jurisdiction of the appeal upon this court. A freehold is involved for such purpose only where the necessary result of the decree is that one party gains and the other loses a freehold, or where title to the freehold is so put in issue by the pleadings that the decision of the case necessarily involves a determination of that issue. (*Bennett* v. *Bennett,* 318 Ill. 193.) It does not appear in the case at bar that the purchase price under decedent's contract for deed has been fully paid, nor have the vendors been made parties to this suit. The interest involved here is merely a contract that a deed will be made after the

completion of future payments. The word "freehold" does not include the mere right to do that which in equity will entitle a party to a freehold. (*Moulopoulos* v. *Northern Trust Co.* 384 Ill. 41.) If the decree sought were entered, plaintiffs would not gain and defendant would not lose a freehold, nor, as between them, is the title to the freehold so put in issue as to make a determination of that issue necessary to a decision of the case.

The question of jurisdiction has not been raised by the parties. It is our duty, however, to decline to proceed in cases where jurisdiction to decide them is absent. The appeal should have been taken to the Appellate Court for the First District, and the cause will be transferred to that court.