## Betty Church, Plaintiff-Appellant, v. Arthur A. Adler, Defendant-Appellee.

### Gen. No. 9,869.

Opinion filed June 19, 1953. Released for publication July 7, 1953.

Louis L. Mason, of Decatur, for appellant.

Miller, Leach & Armstrong, of Decatur, for appellee.

Mr. Justice Reynolds delivered the opinion of the court.

This is an appeal from an order dismissing plaintiff's suit following the sustaining of defendant's motion under section 45 of the Civil Practice Act [Ill. Rev. Stats. 1951, ch. 110, § 169; Jones Ill. Stats. Ann. 104.045] to dismiss plaintiff's second amended complaint and plaintiff's election to stand on her amended pleading and declining to plead further. Plaintiff's pleading consists of three counts and alleges, in various forms, malpractice on the part of defendant, a physician and surgeon allegedly employed by plaintiff to treat her illness. The sole question presented is the sufficiency of plaintiff's pleading to state a cause of action within the requirements of the Civil Practice Act. The pleading is loosely drafted and in some respects is defective in form and substance and leaves much to be desired in the way of draftsmanship. While we do not approve the form or draftsmanship nor countenance loose pleading, we believe the complaint spells out a cause of action on the facts alleged, whether the tests applied be those obtaining before or after the enactment of the Civil Practice Act.

It is alleged in Count I that the defendant was a physician and surgeon employed by plaintiff to treat her for diseased ovaries and that defendant treated her for that malady for about ninety days. It is alleged that defendant, "not regarding his duties as such physician and surgeon" was guilty of one or more malfeasances and misfeasances:

"(a) He so unskillfully and negligently conducted himself that by and through his want of skill and care

474

the said sickness and malady of the plaintiff became greatly increased and aggravated and the plaintiff underwent great and unnecessary anguish and distress.

"(b) In that he, the said defendant, negligently failed and omitted to ascertain and diagnose plaintiff's condition.

"(c) Negligently failed to perform an operation on the plaintiff's ovaries, as it was the defendant's duty to do so.

"(d) Negligently failed to treat said plaintiff after operating on her for said diseased ovaries so as to cause or permit said operation of said ovaries to heal.

"(e) Negligently failed and omitted to use the usual and customary skill which it was his duty to so use as a recognized and licensed physician and surgeon in the treatment of plaintiff's said condition.

"(f) Negligently and carelessly failed to prescribe or give any medicine to the plaintiff at the early stage of her illness and malady.

"(g) Negligently and carelessly and improperly removed her appendix, without her permission, when such removal was not necessary for her life and safety.

"(h) Negligently and carelessly and improperly neglected to care for and treat the plaintiff after the operation on September 17th to and including date of January 30, 1949.

"(i) Negligently and carelessly misinformed the plaintiff as to the result of the operation performed by the defendant on September 17, 1948, wherein he told her that she was then cured of her malady and condition above described, when the said defendant knew the said statements were untrue."

It is alleged in general terms that plaintiff exercised due care and caution for her safety and welfare. It is alleged that by reason and as a result of the alleged malfeasances and misfeasances listed *seriatim* in the

475

complaint, plaintiff became sick, sore, lame and disordered and will remain so for the rest of her life; was compelled to pay out large sums of money for further medical care and treatment; became "unable to become successfully pregnant and give birth to children"; suffered great pain "and was forced to undergo two additional operations"; and was prevented from performing her normal household duties. Plaintiff's damages are laid at $22,000.

It is alleged in Count II, in somewhat more detail, that plaintiff consulted defendant who, after examining her, informed her that her ovaries were diseased and would have to be removed and that his charges would be $200, which plaintiff subsequently paid to defendant. It is further alleged that plaintiff submitted to surgery by the defendant and that the defendant informed plaintiff that he had removed her diseased ovaries and that she would recover her health, although she could bear no more children; that plaintiff continued to suffer from the same illness subsequent to the operation and thereafter defendant refused plaintiff's demand to treat her further for her disorders, for which he had been paid and which he had stated he had remedied; and that by reason of the alleged events plaintiff was compelled to consult another surgeon who diagnosed her illness as diseased ovaries and performed an operation to remove the ovaries, after which plaintiff regained her health. It is further alleged that defendant knew that he had not removed the diseased ovaries and that plaintiff would not recover her health until they had been removed; that he knew that this representation to the plaintiff that he had removed the ovaries was untrue; and that he made that misrepresentation for the purpose of deceiving plaintiff and inducing her to pay him the sum of $200. It is further alleged that by reason of defendant's misrepresentation and deceit, plaintiff was compelled to resort to the

476

additional surgery described and was thus further damaged in the amount of $500 for additional medical, hospital and surgical bills. Exercise of due care and caution for her safety and welfare and her reliance upon defendant's alleged misrepresentations is alleged. Pain and suffering as a result of the second surgery are also alleged. The *ad damnum* fixes damages at $22,000.

In Count III plaintiff realleges the paragraphs of Count I which set forth the exercise of due care on plaintiff's part, her employment of defendant and further alleges that defendant wilfully and wantonly committed one or more of the acts and omissions set forth *seriatim* in Count I which we have quoted in the summary of Count I above. The allegations of damage to plaintiff and proximate cause appearing in Count I are adopted by reference. In other words, Counts I and III are substantially identical, except that Count I charges negligence and Count III charges wilful and wanton misconduct.

Defendant's motion to dismiss, sets forth grounds too numerous to detail here, except to say that defendant's principal contentions are that Count I consists of conclusions of the pleader rather than allegations of fact, fails to set forth what the defendant's duty was and fails to set forth any facts which would constitute a violation of that duty. As to Count II, defendant makes the same contentions and also complains that the count is "argumentative." As to Count III, the same grounds are urged and it is further asserted that the complaint is indefinite and uncertain and that the pleading does not meet the requirement of section 33(1) of the Civil Practice Act [Ill. Rev. Stats. 1951, ch. 110, § 157, subd. (1); Jones Ill. Stats. Ann. 104.033, subd. (1)] that pleadings be plain and concise.

Both parties rely upon selected provisions of the Civil Practice Act to sustain their contentions. Plain-

.tiff singles out the provisions of section 33(3) [Ill. Rev. Stats. 1951, ch. 110, § 157, subd. (3); Jones Ill. Stats. Ann. 104.033, subd. (3)] which provides that pleadings are to be liberally construed and section 42(2) [Ill. Rev. Stats. 1951, ch. 110, § 166, subd. (2); Jones Ill. Stats. Ann. 104.042, subd. (2)], which provides that no pleading shall be deemed bad in substance which contains such information as shall reasonably inform the opposite party of the nature of the claim or defense he is called upon to meet. Defendant singles out the provisions of section 31 [Ill. Rev. Stats. 1951, ch. 110, § 155; Jones Ill. Stats. Ann. 104.031] that nothing in that section shall be deemed to affect the necessity of allegations of facts necessary to state a cause of action; and the provisions of section 33(1) that all pleadings shall contain a plain and concise statement of the pleader's cause of action, counter-claims, defense or reply. The pleading is to be tested in the light of and by giving effect to all the provisions relied upon by both parties.

The Civil Practice Act does not authorize so-called notice pleading as plaintiff contends, nor does it require strict pleading as is urged by defendant. A pleading must contain allegations of fact sufficient to state a cause of action. *Burr v. State Bank of St. Charles,* 344 Ill. App. 332; *Stenwall v. Bergstrom,* 398 Ill. 377. Verbosity and looseness of form are to be discouraged and in some cases may render the pleading fatally defective. Whether a cause of action is stated is to be judged with the admonitions of liberal construction and reasonable information in mind and the whole complaint must be considered, not merely disconnected parts. Legal conclusions are to be disregarded. *Stenwall v. Bergstrom, supra; Heuer v. Davis,* 336 Ill. App. 224.

Plaintiff must plead facts which disclose a duty to plaintiff on defendant's part, defendant's

478

breach of that duty and resulting damage to plaintiff caused by the breach of duty. *Lasko v. Meier,* 394 Ill. 71. What may be sufficient in a tort action may not suffice in a contract suit, or vice versa. Liberality of construction and the rule of reasonable information do not overcome the requirement that sufficient facts be alleged to state a cause of action. *Moulopoulos v. Northern Trust Co.,* 384 Ill. 41. The rule that a complaint or answer is to be construed against the pleader when attack is made by motion challenging its sufficiency obtains under the Civil Practice Act, but this principle has its play primarily as to resolving ambiguous or inconsistent allegations against the pleader. *Garofalo Co., Inc. v. St. Mary's Packing Co.,* 339 Ill. App. 412; *Weise v. Wachsmuth,* 332 Ill. App. 662.

██ Judged with these principles in mind and after a careful reading of each count of the pleading, it is our opinion that sufficient facts are set forth which spell out a cause of action so as to require defendant to answer.

██ It sufficiently appears from the statements of fact in Count I, as distinguished from the allegations of legal conclusions, that plaintiff's claim is that she employed defendant, a physician and surgeon, to treat her illness; that defendant undertook to treat her illness and accepted compensation for so doing; that he owed plaintiff a duty to exercise customary skill in treating her and to refrain from performing his duty negligently but that he performed his treatment in a negligent and unskillful manner, in one or more of the various particulars enumerated. If plaintiff succeeds in proving her allegations and that as a result thereof, she suffered damages caused by defendant's negligence, she will be entitled to recover.

██ Defendant vigorously urges that the words "negligently and carelessly" are mere legal conclusions, not allegations of fact. No authority is cited.

However, the words may be classified when standing alone and out of context (a question we need not now pass upon), they are not mere legal conclusions when properly employed in context with allegations stating circumstances which they characterize. *Reell v. Central Ill. Electric & Gas Co.*, 317 Ill. App. 106; *Beadles v. Servel Inc.*, 344 Ill. App. 133.

 Whatever the earlier law in this State may have been (see *Chicago, B. & Q. R. Co. v. Harwood,* 90 Ill. 425, 426, 427), it has been settled since *Chicago City Ry. Co. v. Jennings,* 157 Ill. 274, that an allegation of general negligence is sufficient. In that case, the court said: ". . . it is not only a rule of pleading, that the statement of facts must not be so general as to admit of almost any proof to sustain it, but it is also a 'familiar rule of pleading, which forbids alleging the evidence.' The two rules should be harmonized, and the two extremes which they respectively define should be avoided. . . .

"The declaration specifically charges, as the act of negligence for which the company was responsible, that the servants or drivers placed in control of the propelling power, which moved the cars, managed and drove the same carelessly and improperly, and that the collision at the crossing was due to their negligence 'and improper conduct.' Where a declaration charges, that the employees of a railroad company carelessly and negligently run its train of cars over its road, it sufficiently states an act upon which the charge of negligence and carelessness is predicated. (*C. H. & D. R. R. Co. v. Chester,* 57 Ind. 297)."

As this court pointed out in *Wolfstein v. Illinois Power & Light Corp.*, 254 Ill. App. 362, 365, the Supreme Court, in holding in the *Jennings* case that an allegation of general negligence is sufficient "was undoubtedly largely influenced in its judgment by the precedents established by long recognized authorities

480

on common law pleading." We summarize the aver-
ments in the *Wolfstein* complaint as follows: ". . .
that the plaintiff was riding in an automobile along a
certain street or public highway in the City of Decatur
and that the defendant operated an electric street rail-
way upon and along said street over which electric cars
were propelled for the carriage of passengers, and
while so riding in said automobile and in the exercise
of due care for her own safety, the defendant, through
its servants, so negligently operated said electric street
car that it collided with the automobile in which plain-
tiff was riding, thereby injuring her." Referring to
the authorities on common-law pleading which support
the propriety of a general negligence count, we said:
"Thus in 2 Chitty on Pleading, 710, substantially the
identical form as the count in this case, is set out as a
proper precedent. The same form is also approved in 2
Humphreys on Precedents, 807; 8 Wentworth on
Pleadings, 396, and Yates on Pleadings, 396. Similar
counts have been approved in *Chicago & A. R. Co. v.
Redmond,* 171 Ill. 347; *Illinois Central R. Co. v. Scheff-
ner,* 209 Ill. 9, and *Chicago City R. Co. v. Pural,* 224
Ill. 324." See also *Chicago General Ry. Co. v. Carroll,*
189 Ill. 273 at page 275; *Schultz v. Chicago Great West-
ern R. Co.,* 226 Ill. App. 559 at page 565; *Reell v. Cen-
tral Ill. Electric & Gas Co.,* 317 Ill. App. 106; *Beadles
v. Servel Inc.,* 344 Ill. App. 133.

We recognized in the *Wolfstein* case that in none of
the Illinois cases there cited, was the sufficiency of a
general negligence count challenged on the ground that
it failed to allege a duty and a breach thereof. How-
ever, we there held that the allegation that the plaintiff
was rightly on a public street in the exercise of due care
for her own safety, was sufficient to raise a duty on
the part of the street railway company to so operate
its cars as not to negligently injure her. Similarly, in
the case at bar, the allegation that plaintiff consulted

481

defendant, a physician and surgeon and that he undertook to treat her for her illness, is sufficient to raise a duty on his part to treat her so as not to negligently injure her. A complaint which fairly raises the question of the existence and breach of duty and resulting damage is sufficient. *Paris v. East St. Louis Ry. Co.,* 275 Ill. App. 241.

It is unnecessary to discuss the various authorities argued in defendant's brief, which state the degree of diligence and skill which is required of a physician and surgeon and the proof necessary to make out a case of malpractice, e. g., *Olander v. Johnson,* 258 Ill. App. 89, at page 95; *Wallace v. Yudelson,* 244 Ill. App. 320; and that, of course, a physician and surgeon is not an insurer, *Sims v. Parker,* 41 Ill. App. 284, 286, 287. Plaintiff does not allege that defendant was an insurer; her claim is that defendant was negligent. These and some of the other principles discussed by defendant, may guide the trial court, after hearing the evidence, in passing upon defendant's motion for directed verdict and, if the case reaches that point, in framing instructions to the jury. They have no application at this stage of the case, for plaintiff has sufficiently alleged the want, on the part of defendant, of that degree of care and usual and customary skill which it was defendant's duty to use.

██ ██ It should be observed here that it is not the law, as defendant contends, that a physician or surgeon is not liable for an error in diagnosis. Neither *Connor v. Eddy,* 233 Ill. App. 20, nor the other decisions cited by defendant upon this proposition, so holds. These cases recognize that negligence in diagnosis resulting in damage to the patient is actionable. Nor, is it the law, as defendant argues, that a physician or surgeon is the sole judge of the frequency and necessity of his calls to the patient, when the issue is whether he was negligent. *Ebner v. Mackey,* 186 Ill. 297, was a

suit on a claim for medical services rendered and has no conceivable application to this case.

██ ██ Defendant objects to subparagraph (g) of Count I, quoted above, relating to the removal of plaintiff's appendix and asserts that this did not damage plaintiff but benefitted her. The surgeon's removal of the patient's appendix without her consent is a tort. Whether the damages recoverable are merely nominal, depends upon plaintiff's evidence at the trial. However, certain allegations of Count I should not stand. The allegation that plaintiff's sterility was a damage resulting from defendant's operation upon her should be stricken, since obviously this would have resulted had defendant removed plaintiff's ovaries, as she charges defendant was employed to do. By consenting to a hysterectomy, plaintiff consented to this result.

 The allegation in Count I that plaintiff will be sick, sore, lame and disordered for the rest of her life is flatly contradicted by the allegation in Count II that as a result of the second surgery undergone by plaintiff she regained her health. Plaintiff does not allege she is in doubt as to the facts. While section 43(2) of the Civil Practice Act [Ill. Rev. Stats. 1951, ch. 110, § 167, subd. (2); Jones Ill. Stats. Ann. 104.043, subd. (2)] specifically permits pleading in the alternative "When a party is in doubt as to which of two or more statements of fact is true," alternative pleading is not permitted when in the nature of things the pleader must know which of the inconsistent averments is true and which is false. Plaintiff must know whether she will be sick, sore, lame and disordered for the rest of her life or whether on the contrary she has regained her health, as alleged in Count II. She must make up her mind which is the fact, and strike the inconsistent allegation from her pleading on remand. At best the pleading is ambiguous in this respect and the doubt must be resolved against the pleader. *Garofalo Co.,*

*Inc. v. St. Mary's Packing Co.*, 339 Ill. App. 412; *Weise v. Wachsmuth*, 332 Ill. App. 662.

██ ██ Count II of the complaint states a cause of action for deceit. The damages alleged to flow from defendant's fraudulent misrepresentations, consist of the payment by plaintiff to defendant of the sum of $200 and possibly, though the pleading could be more specific, aggravation to plaintiff's illness caused by the delay in treatment. Any other damages which plaintiff may have suffered, so far as appears from the pleading, resulted from defendant's negligence in treating plaintiff, which is alleged in Count I, rather than from fraudulent misrepresentations. Therefore, allegations relating to such damages should be stricken from this count, which does not allege negligence.

██ Count III of the complaint simply alleges, in the alternative that the acts and omissions alleged in Count I to have been committed negligently were committed wilfully and wantonly. What we have said of Count I applies with equal force to Count III. The words "wilfully and wantonly" as employed in Count III are no more allegations of legal conclusion than are the words "negligently and carelessly" as employed in Count I. *Reell v. Central Ill. Electric & Gas Co.*, 317 Ill. App. 106. The allegations of damages appearing in Count III are adopted by reference from Count I and are subject to the remarks appearing in the portion of this opinion dealing with Count I.

██ ██ Defendant argues that the pleading is "argumentative" in many particulars. A pleading is not argumentative simply because it makes allegations which the opposing party presumably intends to dispute. An allegation which is objectionable because it is "argumentative" in a pleading sense, is one which does not state its "positions of fact in an absolute form but leaves them to be collected from inference and

argument only." *Wright v. Craig,* 116 Ill. App. 493 at page 495; *Wadhams v. Swan,* 109 Ill. 46 at pages 53, 54.

The record on appeal contains the original complaint and the first amended complaint filed by plaintiff in this cause, the first of which appears to have been withdrawn and the second stricken as a result of motions to strike and dismiss filed by defendant. We cannot refrain from commenting that the earlier pleadings were superior, both in their simplicity and their informative character, to the one under consideration here and that the courts and the parties would have been spared considerable time and expense had plaintiff been permitted to go to trial on her original complaint, which stated a good cause of action.

The judgment is reversed and the cause is remanded with directions that further proceedings be had in accordance with the views expressed in this opinion.

*Reversed and remanded with directions.*