THE PEOPLE *ex rel.* LELA WILLIAMS, Plaintiff-Appellee, *v.* RICHARD J. DALEY, Mayor of the CITY OF CHICAGO and LICENSE COMMISSIONER, Defendant-Appellant.

(No. 55250; ▮▮▮▮▮▮▮▮▮▮)

First District (4th Division)—December 13, 1972.

*Rehearing denied January 24, 1973.*

Richard L. Curry, Corporation Counsel, of Chicago, (William R. Quinlan and Thomas J. Cachor, Assistant Corporation Counsel, of counsel,) for appellant.

No appearance for appellee.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Defendant, Mayor of the City of Chicago, appeals from the issuance of a writ of *mandamus* which commanded him to issue a food dispenser license to the plaintiff, Lela Williams. Defendant contends (1) that the Circuit Court erred in ordering that *mandamus* issue as that writ requires a showing of a clear legal right before it will issue and plaintiff has not shown that right and (2) that the Circuit Court judgment was contrary to the manifest weight of the evidence.

On April 9, 1969, plaintiff and her husband filed an application for a food dispenser's license for the premises at 5511 South Prairie. Their

application was denied. On November 17, 1969, while the above denial was being litigated, plaintiff filed an application for a food dispenser's license in her name only. Her license application was denied on December 3, 1969. On February 5, 1970, plaintiff filed a complaint for a writ of *mandamus* seeking to compel the defendant to issue a food dispenser's license to her. Defendant answered the complaint denying that plaintiff complied with and fulfilled all the requirements for the issuance of a food dispenser's license. On April 24, 1970, a hearing was held. R. Charles Watson, food inspector for the Chicago Board of Health, testified that he was not able to enter and inspect the premises at 5511 South Prairie. He also stated that he left a notice at the premises that he had unsuccessfully attempted to inspect the premises and that he could be contacted at the Health Department. Plaintiff testified that she received no such notice from the food inspector and that she complied with all the requirements for a food dispenser's license.

Defendant's first contention was that the Circuit Court of Cook County erred in ordering that *mandamus* issue as that writ requires a showing of a clear legal right before it will issue and plaintiff has not shown such right.

"The writ of *mandamus* is a summary writ issued from a court of competent jurisdiction commanding the officer to whom it is addressed to perform some specific duty which the relator is entitled of right to have performed and which the party owing the duty has failed to perform. (*Fergus v. Marks,* 321 Ill. 510.)" *People v. Nelson,* 346 Ill. 247, 251, 178 N.E. 485.

"A petition for mandamus is an extraordinary remedy, and one seeking the writ must show a clear right to it. Daniels v. Cavner, 404 Ill. 372, 88 N.E.2d 823; Wilson v. Board of Education of School Dist. No. 126, 394 Ill. 197, 68 N.E.2d 257; and Friedman v. City of Chicago, 374 Ill. 545, 30 N.E.2d 36. In People ex rel. Pignatelli v. Ward, 404 Ill. 240, 243, 88 N.E.2d 461 the court stated:

'Mandamus is an extraordinary remedy and the petitioner must adduce proof in support sufficient to show a clear right to the writ. (People ex rel. Dunderdale v. City of Chicago, 327 Ill. 62.) * * * This court will not use a writ of mandamus to compel a party to perform an act unless it is affirmatively made to appear that it is his clear duty to do so; the petitioner must establish every material fact necessary to show the plain duty of the respondent before courts will interfere. (Bengson v. City of Kewanee, 380 Ill. 244.) No intendments will be indulged in to support the issuance of the writ.'" *People ex rel. Ceja v. Wilson,* 130 Ill.App.2d 109, 114, 264 N.E.2d 726.

Chapter 130, section 17 of the Municipal Code of the City of Chicago (1970) deals with applications for a food dispenser's license and provides in part:

> "Before any license shall issue, the board of health shall cause an inspection to be made of the premises to be occupied by the applicant as a food dispenser, the equipment contained therein, the persons to be employed therein, the sanitary and hygienic features and conditions, and all other matters relating to the business which it considers necessary or proper to inquire into from the standpoint of health and sanitation."

Chapter 101, section 5 of the Municipal Code of the City of Chicago (1970) provides in part that the Mayor must receive satisfactory proof that all laws and provisions of the Code regulating the business or occupation for which such license is applied for have been complied with before he may authorize the issuance of the license.

The Board of Health inspector did not inspect the premises to be occupied by the plaintiff as a food dispenser. Plaintiff testified that she had complied with the provisions of the ordinance, but failed to establish that the premises at 5511 South Prairie were inspected by the Board of Health. Defendant complied with the provisions of the ordinance when he refused to issue plaintiff a food dispenser's license. Defendant was under no duty to issue the license until the premises were inspected by the board of health. Therefore, plaintiff has failed to show her clear right to the writ of *mandamus*.

The order of the Circuit Court of Cook County issuing the writ of *mandamus* commanding defendant to issue a food dispenser's license to plaintiff is reversed. Based on this holding, it is unnecessary to discuss defendant's second contention.

Order reversed.

DIERINGER, P. J., and BURMAN, J., concur.