DARWIN PLOCHER, Plaintiff-Appellee, *v.* THE CITY OF HIGHLAND, *et al.*, Defendants-Appellants.

Fifth District   No. 77-110

Opinion filed May 2, 1978.

John P. Geismann, of Highland, for appellants.

Meyer and Kaucher, of Highland, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

Defendant, City of Highland, and various individual defendants, city officials, appeal the decision of the trial court granting a writ of mandamus ordering the reinstatement of plaintiff, Darwin Plocher, to his position as apprentice lineman for the city and granting back pay and restoration of benefits for the time during which he was discharged. Plaintiff cross appeals from an order of court dismissing count II of his complaint which sought damages from the individual defendants for wilful wanton misconduct in discharging him.

Plaintiff began his employment with the city on December 23, 1963, and was terminated on December 27, 1975. Two sections of City Ordinance No. 73—11—971 (which was adopted November 13, 1973), sections 8 and 10.8, were cited by the city as justifying plaintiff's dismissal. Section 8 of the ordinance states:

"Persons receiving an appointment by the city as full time or temporary employee after the effective date of the Resolution shall, within six months after appointment, establish and maintain a residency within the City Limits of Highland, Illinois. This rule does not apply to those presently employed by the city of Highland at the time of the effective adoption of this resolution. All full time employees living outside the City by reason of marital status, i.e. single and living with parents, will obtain residency within the City when that status changes."

Section 10.8 reads: "Failure to observe local, state and federal laws or regulations and city policy [shall constitute cause for dismissal]." Plaintiff moved his residence outside the city limits prior to his termination. The reason for his dismissal was his voluntary removal of his residency from the city limits of the City of Highland in violation of section 8 of Ordinance No. 73—11—971.

Plaintiff filed a request for a grievance hearing which was granted in accordance with the contract entered into by the city and Local Union 801 of the International Union of Operating Engineers, AFL-CIO, the collective bargaining agent for city employees, including plaintiff. The grievance hearing was decided adversely to plaintiff, and he filed a suit for a writ of mandamus reinstating him to his employment and granting him back pay. The court entered summary judgment in favor of plaintiff.

■■ On appeal the defendants argue first that the plaintiff failed to show a clear legal right to the relief sought, a requirement which must be met before mandamus will lie. (*Daniels v. Cavner*, 404 Ill. 372, 88 N.E.2d 823; *People ex rel. Williams v. Daley*, 14 Ill. App. 3d 627, 303 N.E.2d 162.) We disagree. Although it is clear that the intent of the ordinance was for all city employees to live within the city limits, it is also apparent that this requirement was not made applicable to persons employed by the city at the time the ordinance was adopted. The defendants assert that this exception is circumvented by section 10.8 in that plaintiff's movement of his residence out of the city limits constitutes a violation of city policy and therefore serves as a ground for his dismissal. This is circular reasoning, contradictory at worst and impermissibly vague at best. The exemption of current employees from the requirement of residence in the city is also obviously part of city policy. In view of the fact that he was employed by the city when the ordinance was passed, plaintiff's dismissal was improper; he was exempted from the residency requirement of the ordinance by express terms of the ordinance itself. Defendants' assertion that plaintiff, to show a clear legal right to the relief sought, must first show his residency (a) at the time he was hired; (b) at the time the ordinance was passed; (c) at the time prior to his dismissal; and (d) immediately after his dismissal, as well as any change in his marital status, represents an engrafting of terms and conditions upon the ordinance which its plain terms proscribe. All that was necessary for plaintiff to show was his employment with the city at the time the ordinance was passed. This fact was pleaded by the plaintiff and admitted by the defendants. The writ of mandamus was therefore properly granted.

Defendants argue that mandamus is not an appropriate remedy for two further reasons. They argue that it is an affirmative remedy and not a negative one, citing *People ex rel. Scott v. Kerner*, 32 Ill. 2d 539, 208 N.E.2d 561, and that negative relief is being sought in the instant case. Although we agree with this statement of the law, we do not find the reasoning persuasive. The writ is being used here in an affirmative fashion, to restore to plaintiff the rights which are his by the terms of the ordinance.

■■ Defendants next cite the undoubted rule in Illinois that mandamus lies to enforce an imperative duty imposed by law, involving no discretion in its exercise. (*People ex rel. Stickel v. Commissioners of Highways*, 32 Ill. App. 164; *Corn Belt Bank v. Cellini*, 18 Ill. App. 3d 1035, 310 N.E.2d 470.) Defendants then argue that the city and its officials were, in discharging the plaintiff, interpreting the ordinance and the public policy expressed thereby and thus were engaged in a governmental act requiring the exercise of discretion so as to place their acts beyond the reach of the writ. However, defendants cannot escape judicial review of

their duty to give the plaintiff the benefit of the residency exemption granted him by the ordinance by stating that they in the exercise of discretion, thought he was not entitled to it. The plaintiff being entitled to the exemption, the granting of it was strictly ministerial and mandamus was therefore a proper remedy. *People ex rel. Simpkins v. Village of Kincaid*, 26 Ill. App. 2d 68, 167 N.E.2d 698.

Finally, the defendants allege that the court erred in granting only a partial credit to the city for wages which the plaintiff earned at other employment during the time he was not employed by the city. Both plaintiff and defendants cite *People ex rel. Bourne v. Johnson*, 48 Ill. App. 2d 307, 199 N.E.2d 68, as authority for their respective positions. In *Johnson* mandamus issued to compel city officials to pay back salary for the period in which the plaintiff was off the city payroll due to wrongful discharge. The holding in *Johnson* was that in an action by a wrongfully discharged employee for breach of his employment contract, the employer may reduce the amount of recoverable damages by whatever sum the plaintiff earned, or by the exercise of reasonable diligence could have earned during the period in question. However, if a man has two jobs and is wrongfully deprived of one of them, the employer-wrongdoer should not be entitled to deduct the earnings of the second job from the damages for which he is liable. This would penalize an innocent man for his industry.

■■ Following these well-established rules here, the city, to be entitled to deductions for wages earned in other work, had to prove that the work was substitute in whole or in part for the previous employment. This could be proved either: (a) by showing that the employment for which a deduction was sought was inconsistent with the former employment; or (b) that the plaintiff failed to seek substitute employment.

■■ Following his discharge plaintiff did work as a subcontractor and also for the Highland School District at times which were inconsistent with his hours as a city lineman. The pay for these hours was allowed by the court as a setoff to the city against wages owed to the plaintiff. Judged by the criteria set out in *Johnson* the trial court made appropriate allowances in its determination of the amount owed to plaintiff.

■■■ We now consider the cross-appeal of plaintiff in which he argues that the court erred in dismissing count II of his complaint in which he pursued damages against the individual defendants for wilful and wanton misconduct. He asserts that nothing in the Local Governmental and Governmental Employees Tort Immunities Act (Ill. Rev. Stat. 1975, ch. 85, par. 2—102) exempts the individual city officials from liability for their wilful and wanton misconduct, and further, that ministerial acts are excluded from statutory protection. However, the plaintiff fails to discuss the issues which are material to the trial court's action in dismissing this

count. The reasons given were that plaintiff's suit against the individual city officials was based on a contract entered into between the city and the plaintiff's labor union. However, the city, not the officials as individuals, entered into the contract. The individuals, therefore, cannot be charged with breach of the contract. Secondly, the court ruled that there were no acts alleged which would constitute wilful and wanton misconduct. We agree. The plaintiff merely alleged the conclusion that the act of the city officials in dismissing him was "wilful, wanton, malicious." A complaint may not rest upon conclusions of fact unsupported by allegations of specific facts from which such conclusions may be drawn. (*Haas v. Mid-America Fire & Marine Insurance Co.*, 35 Ill. App. 3d 993, 343 N.E.2d 36; *Kniznik v. Quick*, 130 Ill. App. 2d 273, 264 N.E.2d 707.) Mere allegations of the fact of dismissal without more may not be relied upon to state a cause of action in tort for wilful and wanton misconduct.

Finding no intervening errors the decision of the trial court is affirmed.

Affirmed.

EBERSPACHER, P. J., and G. J. MORAN, J., concur.