JAMES T. HOLTON, Adm'r of the Estate of Lloyd Kumbera, Deceased, Plaintiff-Appellant, *v.* RESURRECTION HOSPITAL, Defendant-Appellee.

First District (4th Division)    No. 79-1416

Opinion filed September 11, 1980.

656

A. J. Hardiman, Ltd., of Chicago (A. J. Hardiman, of counsel), for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Stanley J. Davidson, of counsel), for appellee.

Mr. PRESIDING JUSTICE LINN delivered the opinion of the court:

Plaintiff, James T. Holton, the administrator of the estate of Lloyd Kumbera, brings this appeal from an order entered in the circuit court of Cook County dismissing his complaint and from an order denying him leave to conduct discovery and file an amended complaint. Plaintiff's complaint was dismissed as failing to state a cause of action because it alleged conclusions rather than specific facts. The only issue we need determine on appeal is whether the complaint states a cause of action. We hold that it does and reverse and remand.

Plaintiff's complaint for wrongful death, based on negligence, alleged the following pertinent facts. On June 29, 1974, plaintiff's intestate, Lloyd Kumbera, went to the emergency room of defendant, Resurrection Hospital, where he was examined, treated, and, after three hours, released. The next day Kumbera suffered a heart attack and died. Plaintiff alleged that Kumbera's death resulted from the negligent acts of defendant in that the defendant:

> "a. Allowed and permitted an unqualified employee and/or medical doctor to treat and examine plaintiff's intestate in the emergency room;

b. Allowed and permitted its unqualified employee and/or medical doctor in the emergency room to fail to diagnose a cardiac condition;

c. Allowed and permitted its unqualified employee and/or medical doctor in the emergency room to make an improper diagnosis;

d. Allowed and permitted an unqualified physician to interpret the electrocardiogram;

e. Failed through its medical and surgical staff to review the treatment rendered to plaintiff's intestate;

f. Failed to comply with the Standards for Hospital Accreditation issued by the Joint Commission on Accreditation of Hospitals;

g. Failed to comply with the Rules and Regulations promulgated by the Illinois Department of Health under the Hospital Licensing Act.

Plaintiff sought damages on behalf of decedent's two children. Plaintiff's present action was not filed until four years after the alleged events took place. A previous and similar action had been filed and dismissed for want of prosecution.

Plaintiff's present complaint was dismissed because the above allegations of negligence were mere conclusions and plaintiff had failed to plead sufficient specific facts to state a cause of action. Among the "mere conclusions" alleged to exist in the complaint are the following. The complaint states that an unqualified employee or doctor treated the decedent but fails to specify who the employee or doctor was and how such person was unqualified. The complaint alleges that an unqualified employee or doctor was allowed to make an improper diagnosis but fails to specify the diagnosis made and how it was improper. The complaint states that the defendant hospital failed through its medical staff to review the treatment rendered the decedent but fails to specify which treatment was not reviewed. The complaint contends the hospital violated certain standards and rules governing the hospital but fails to specify which standards or rules were violated. Finally, the complaint merely concludes that an employee or staff member of the hospital treated decedent but fails to set out facts showing that a principal and agency relationship existed between the hospital and the alleged employee or staff member.

OPINION

It is often said that a complaint to be sufficient in law must set out specific facts showing a cause of action exists, and a complaint is insufficient if it states mere conclusions, whether of fact or of law. (*E.g., McCauley v. Chicago Board of Education* (1978), 66 Ill. App. 3d 676, 384 N.E.2d 100; *Plocher v. City of Highland* (1978), 59 Ill. App. 3d 697, 375 N.E.2d 1016.) However, it is also said that what may be a mere conclusion in one

context can be a specific fact in another. See *Van Dekerkhov v. City of Herrin* (1972), 51 Ill. 2d 374, 282 N.E.2d 723; *People v. Northbrook Sports Club* (1977), 53 Ill. App. 3d 331, 368 N.E.2d 663.

■■ It is perhaps unfortunate that courts attempt to place labels on the allegations of a complaint in their effort to determine whether sufficient specific facts have been pleaded to state a valid cause of action. Such may lead to confusion as to what is really being done. A complaint is not actually dismissed because it states mere conclusions. Such is a declaration of the result and not the reason. A court reaches the result that the complaint states mere conclusions because it has reasoned that something more specific had to be pleaded in the circumstances of the particular case. But the circumstances of each case are different and thus what is required in one context may not be required in another.

A complaint serves specific purposes in the trial process. In the first instance, the complaint must justify the enactment of the trial process itself. Hence, the complaint must set out the elements of a legally cognizable cause of action, which in a negligence action, such as the present case, would be the existence of a duty of reasonable care owed the plaintiff by defendant, breach of that duty, an injury proximately resulting from such breach, and plaintiff's freedom from contributory negligence. See *Intrater v. Thomas* (1977), 54 Ill. App. 3d 709, 369 N.E.2d 1339.

■■ However, the mere pleading of elements does not make a complaint sufficient in law. A defendant has a need to know in what specific way he has allegedly wronged the plaintiff. This, so the defendant can formulate an answer and determine what he needs to discover in preparation for trial. (See *Colucci v. Chicago Crime Com.* (1975), 31 Ill. App. 3d 802, 334 N.E.2d 461.) Thus, a complaint is required to state material facts with sufficient specificity to show that the elements of the cause of action exist. (See *Jorgensen v. Baker* (1959), 21 Ill. App. 2d 196, 157 N.E.2d 777, *cert. denied sub nom. Curtis v. Baker* (1960), 361 U.S. 962, 4 L. Ed. 2d 543, 80 S. Ct. 590.) Being apprised of the facts, the defendant is able to proceed.

But how specific the facts must be pleaded depends on the circumstances of the case. The complaint must be examined with the view to doing substantial justice between the parties. (Ill. Rev. Stat. 1979, ch. 110, par. 33(3).) Accordingly, it has been held that a plaintiff need not plead facts with precision when the information needed to plead those facts is within the knowledge and control of the defendant rather than the plaintiff. (*E.g., Stap v. Chicago Aces Tennis Team* (1978), 63 Ill. App. 3d 23, 379 N.E.2d 1298; *Coffey v. MacKay* (1972), 2 Ill. App. 3d 802, 277 N.E.2d 748; *B. R. Paulsen & Co. v. Lee* (1968), 95 Ill. App. 2d 146, 237 N.E.2d 793.) In cases where applicable, this rule assists a plaintiff who may be unable to discover the information he needs to draft a detailed complaint before bringing his action. The rule also recognizes the reality that a defendant

who has most of the pertinent information in his possession does not have to rely primarily on the facts stated in the complaint to formulate an answer and prepare for trial since he can easily determine the specific details for himself. Hence, in such cases, the material facts in the complaint can be stated with less specificity than would normally be required.

■■ In the present case, most of the information upon which plaintiff's claim is based is within the knowledge and control of the defendant. Who the persons were that treated the decedent, how they may have been unqualified, and what specific standards and rules may have been violated are details that defendant can easily discern for itself without relying on the plaintiff's complaint. It is true that before filing his suit plaintiff may have been able to obtain the medical records of the hospital concerning decedent's treatment. (See Ill. Rev. Stat. 1979, ch. 51, par. 71.) Thus, the plaintiff could have been able to draft a more specific complaint. However, the fact remains that this defendant did not have to rely primarily on plaintiff's complaint to formulate an answer and prepare for trial and consequently the facts stated in the complaint did not need to be stated with that degree of specificity that is normally required. Accordingly, we hold that the facts alleged in plaintiff's complaint are sufficiently specific to meet the requirements of law in the circumstances of this case. The only question remaining is whether those facts are sufficient to show that the elements of a cause of action in negligence exist.

Examining plaintiff's complaint, we find that the essence of plaintiff's claim is that a cardiac condition of the decedent existed when decedent entered the hospital emergency room, that this condition should have been discovered, that prompt discovery and treatment may have prevented decedent's death, and that the condition was not discovered because defendant allowed an unqualified person or persons to render medical treatment and failed through its staff to review the treatment given.

■■ ■ Illinois courts recognize a duty on the part of a hospital to use reasonable care to discern the medical qualifications of persons who perform medical services in the hospital and to review treatment rendered by such persons. (See *Darling v. Charleston Community Memorial Hospital* (1965), 33 Ill. 2d 326, 211 N.E.2d 253, *cert. denied* (1966), 383 U.S. 946, 16 L. Ed. 2d 209, 86 S. Ct. 1204; *Johnson v. St. Bernard Hospital* (1979), 79 Ill. App. 3d 709, 399 N.E.2d 198.) The failure to carry out this duty may lead to liability in negligence when injury results. Whether a plaintiff is required to establish a principal and agency relationship to show liability for violation of this duty need not concern us here. Suffice it to say that the mere fact that the treatment was rendered on defendant's premises creates a presumption, at least for the purpose of determining whether the complaint states a cause of action, that such a relationship exists.

Therefore, we necessarily hold that the complaint stated a cause of

action. Accordingly, for the reasons noted, we reverse the decision of the trial court dismissing the complaint and remand for further proceedings.

Reversed and remanded.

JIGANTI and ROMITI, JJ., concur.