BARBARA MAGANA, Plaintiff-Appellant, *v.* JOSEPH ELIE *et al.*, Defendants-Appellees.

Second District No. 82—47

Opinion filed September 10, 1982.

Chester R. Chostner, Jr., of Rockford, for appellant.

Thomas E. Greenwald, of Greenwald, Maier & Hudec, P.C., and Kenneth W. Traum, of Kostantacos, Traum and Reuterfors, P.C., both of Rockford, for appellees.

JUSTICE NASH delivered the opinion of the court:

Plaintiff, Barbara Magana, brings this interlocutory appeal from the dismissal of her amended complaint for medical malpractice against defendants, Kathryn Shaw Bethea Hospital (Hospital), Dr. Joseph Elie and The McNichols Clinic, Ltd. (Clinic).

## THE HOSPITAL

In count IV, directed against the Hospital, the complaint alleged, *inter alia*, that Dr. Elie was a physician having privileges to practice his profession in the Hospital (the complaint had also alleged the doctor was an employee of the Hospital; however, plaintiff subsequently

withdrew that claim and acknowledged Dr. Elie was an independent physician not on the hospital staff); that Elie performed a surgical procedure upon plaintiff in the Hospital; that it was the duty of the Hospital to require physicians granted the privilege of using its facilities to inform patients of the Hospital of the risks involved in surgical procedures to be performed upon them; that had plaintiff been advised of the possible consequences of the surgery she would not have submitted to it; and, that plaintiff was not informed of the risks attendant to the surgery and as a proximate cause of the Hospital's failure to require the informed consent of patients submitting to surgery therein she suffered injury and damages.

The Hospital's motion to dismiss the complaint, premised on the grounds it failed to state a cause of action, was granted by the trial court.

Plaintiff contends the complaint was sufficient to withstand the motion to dismiss asserting a hospital can be charged with negligence for failing to review the medical care being given to a patient under a doctor's care in the hospital, citing *Johnson v. St. Bernard Hospital* (1979), 79 Ill. App. 3d 709, 716, 399 N.E.2d 198, 204; *Darling v. Charleston Community Memorial Hospital* (1965), 33 Ill. 2d 326, 333, 211 N.E.2d 253, 261, *cert. denied* (1966), 383 U.S. 946, 16 L. Ed. 2d 209, 86 S. Ct. 1204. Defendant Hospital argues that the responsibility for informing a patient of the risks of surgery and obtaining the patient's consent to proceed is solely that of the physician absent, as in this case, an employment relationship between the hospital and physician, citing *Green v. Hussey* (1970), 127 Ill. App. 2d 174, 262 N.E.2d 156; *Ziegert v. South Chicago Community Hospital* (1981), 99 Ill. App. 3d 83, 425 N.E.2d 450. The cases relied upon by the parties do not address, however, the particular issue presented by the complaint, that is to say, whether its allegations were sufficient to present an issue of fact as to the claimed negligence of the hospital.

■■ ■ For the purposes of ruling on a motion to dismiss all well-pleaded facts contained in a complaint must be taken as true and all inferences therefrom must be drawn in favor of the nonmovant. (*Album Graphics, Inc. v. Beatrice Foods Co.* (1980), 87 Ill. App. 3d 338, 344, 408 N.E.2d 1041, 1046; *McCauley v. Chicago Board of Education* (1978), 66 Ill. App. 3d 676, 677, 384 N.E.2d 100, 101, *appeal denied* (1979), 74 Ill. 2d 586.) A complaint should not be dismissed for failure to state a cause of action unless it clearly appears that no set of facts could be proven under the pleadings which would entitle the plaintiff to relief. (*Felbinger & Co. v. Traiforos* (1979), 76 Ill. App. 3d 725, 731, 394 N.E.2d 1283, 1289; *J.J. Harrington & Co. v. Timmerman*

(1977), 50 Ill. App. 3d 404, 407, 365 N.E.2d 721, 723.) Although Illinois requires fact rather than notice pleading (Ill. Rev. Stat. 1979, ch. 110, pars. 33(3), 42(2); *Pelham v. Griesheimer* (1982), 92 Ill. 2d 13, 17), a complaint will not be dismissed if facts essential to its claim appear by reasonable implication and it reasonably informs the defendants of a valid claim under a general class of cases. *Central States, Southeast & Southwest Areas Pension Fund v. Gaylur Products, Inc.* (1978), 66 Ill. App. 3d 709, 713, 384 N.E.2d 123, 126; *Kramer v. McDonald's System, Inc.* (1978), 61 Ill. App. 3d 947, 956, 378 N.E.2d 522, 531, *aff'd* (1979), 77 Ill. 2d 323, 396 N.E.2d 504.

 It is established that a hospital's duty to its patients requires it to conform to the legal standard of reasonable conduct in light of the apparent risk. (*Greenberg v. Michael Reese Hospital* (1980), 83 Ill. 2d 282, 289, 415 N.E.2d 390, 395; *Darling v. Charleston Community Memorial Hospital* (1965), 33 Ill. 2d 326, 331, 211 N.E.2d 253, 257, *cert. denied* (1966), 383 U.S. 946, 16 L. Ed. 2d 209, 86 S. Ct. 1204; *Holton v. Resurrection Hospital* (1980), 88 Ill. App. 3d 655, 659, 410 N.E.2d 969, 973.) That duty continues even though the patient is being treated by an independent physician. (*Holton v. Resurrection Hospital* (1980), 88 Ill. App. 3d 655, 659, 410 N.E.2d 969, 973; *Johnson v. St. Bernard Hospital* (1979), 79 Ill. App. 3d 709, 716, 399 N.E.2d 198, 204, *appeal denied* (1980), 79 Ill. 2d 631.) The standard of care to which a hospital must adhere in order to meet its duty is a factual question capable of proof through a wide variety of evidence including expert testimony, hospital bylaws, statutes, accreditation standards, customs and community practice. (*Greenberg v. Michael Reese Hospital* (1980), 83 Ill. 2d 282, 289, 415 N.E.2d 390, 395; *Darling v. Charleston Community Memorial Hospital* (1965), 33 Ill. 2d 326, 331, 211 N.E.2d 253, 257, *cert. denied* (1966), 383 U.S. 946, 16 L. Ed. 2d 209, 86 S. Ct. 1204; *Smith v. St. Therese Hospital* (1982), 106 Ill. App. 3d 268, 274, 435 N.E.2d 939, 943; *Johnson v. St. Bernard Hospital* (1979), 79 Ill. App. 3d 709, 716, 399 N.E.2d 198, 205, *appeal denied* (1980), 79 Ill. 2d 631.) Failure of a hospital to meet the requisite standard of care to a patient can expose it to liability for damages proximately caused by such failure. *Darling v. Charleston Community Memorial Hospital* (1965), 33 Ill. 2d 326, 331, 211 N.E.2d 253, 260, *cert. denied* (1966), 383 U.S. 946, 16 L. Ed. 2d 209, 86 S. Ct. 1204.

██ █ It is also established that a physician has a duty to inform patients of the foreseeable risks and results of a given surgical procedure and the reasonable alternatives to such procedure. (*Taber v. Riordan* (1980), 83 Ill. App. 3d 900, 904, 403 N.E.2d 1349, 1353, *ap-*

*peal denied* (1980), 81 Ill. 2d 599; *Miceikis v. Field* (1976), 37 Ill. App. 3d 763, 767, 347 N.E.2d 320, 324, *appeal dismissed* (1976), 63 Ill. 2d 557; *Ohligschlager v. Proctor Community Hospital* (1972), 6 Ill. App. 3d 81, 88, 283 N.E.2d 86, 89, *rev'd on other grounds* (1973), 55 Ill. 2d 411, 303 N.E.2d 392; *Green v. Hussey* (1970), 127 Ill. App. 2d 174, 183, 262 N.E.2d 156, 161.) The physician has a duty to disclose to the patient those risks, results or alternatives that a reasonable medical practitioner of the same school, in the same or similar circumstances, would have disclosed. (*Miceikis v. Field* (1976), 37 Ill. App. 3d 763, 767, 347 N.E.2d 320, 324, *appeal dismissed* (1976), 63 Ill. 2d 557; *Green v. Hussey* (1970), 127 Ill. App. 2d 174, 183, 262 N.E.2d 156, 161.) The failure of the physician to conform to the requisite standard of disclosure must be proved by expert medical evidence and the failure to disclose must proximately cause plaintiff's injury. Absent such evidence, no liability will follow. *Taber v. Riordan* (1980), 83 Ill. App. 3d 900, 904, 403 N.E.2d 1349, 1353, *appeal denied* (1980), 81 Ill. 2d 599; *Ohligschlager v. Proctor Community Hospital* (1972), 6 Ill. App. 3d 81, 88, 283 N.E.2d 86, 89, *rev'd on other grounds* (1973), 55 Ill. 2d 411, 303 N.E.2d 392; *Green v. Hussey* (1970), 127 Ill. App. 2d 174, 183, 262 N.E.2d 156, 161.

Whether the standard of care which defendant Hospital must meet to satisfy its duty to its patients provides that the Hospital require physicians to whom it grants use of its facilities to advise their patients of the risks attendant to treatment therein cannot be determined as a matter of law. It, instead, must be determined by proof of the requisite standard by which the Hospital's conduct is to be measured. (*Walski v. Tiesenga* (1978), 72 Ill. 2d 249, 255-56, 381 N.E.2d 279, 282.) If that standard of care provides that the Hospital take affirmative steps to require the physician to advise his patients of risks attached to the medical procedures to be carried out in the Hospital, a failure to meet such standard could be negligence. See *Darling v. Charleston Community Memorial Hospital* (1965), 33 Ill. 2d 326, 333, 211 N.E.2d 253, 260, *cert. denied* (1966), 383 U.S. 946, 16 L. Ed. 2d 209, 86 S. Ct. 1204.

The supreme court noted in *Darling v. Charleston Community Memorial Hospital*:

" 'The conception that the hospital does not undertake to treat the patient, does not undertake to act through its doctors and nurses, but undertakes instead simply to procure them to act upon their own responsibility, no longer reflects the fact. Present-day hospitals, as their manner of operation plainly demonstrates, do far more than furnish facilities for treatment.

They regularly employ on a salary basis a large staff of physicians, nurses and internes, as well as administrative and manual workers, and they charge patients for medical care and treatment, collecting for such services, if necessary, by legal action. Certainly, the person who avails himself of "hospital facilities" expects that the hospital will attempt to cure him, not that its nurses or other employes [*sic*] will act on their own responsibility.' " [Citation.] 33 Ill. 2d 326, 332, 211 N.E.2d 253, 257.

These comments are equally appropriate where surgical procedures are to be undertaken in a hospital which provides the auxiliary services to the attending physician. Such services may include the operating room, equipment, personnel to assist in surgery, admitting procedures, as well as radiological, pathological, anesthesia and laboratory services. Many, if not most, of these services are charged directly to the patient. As some commentators have noted, these hospital services usually include obtaining the signature of the patient on the informed consent form. Defense of Medical Malpractice par. 4.2 (Ill. Inst. Cont. Legal Educ. 1980); Representing Health Care Institutions par. 22.8 (Ill. Inst. Cont. Legal Educ. 1980).

■ We conclude count IV against the Hospital should not have been dismissed on the pleadings. It essentially alleges that by failing to require that plaintiff's physician advise her of the risks and alternates to the surgery to be performed by him the Hospital failed to carry out its duty to plaintiff. "[I]n negligence cases, the duty is always the same, to conform to the legal standard of reasonable conduct in the light of the apparent risk. What the defendant must do, or must not do, is a question of the standard of conduct required to satisfy the duty." Prosser, Torts sec. 53, at 324 (4th ed. 1971).

### DR. ELIE AND THE CLINIC

Count III of the amended complaint as directed to these defendants alleged, *inter alia*, that Dr. Elie was a licensed physician employed by the Clinic and plaintiff came under his care in his capacity as a physician; that Dr. Elie performed a surgical procedure upon plaintiff at the Hospital, but that after the surgery he refused to treat plaintiff for infection and swelling near the area of the surgery; that Dr. Elie refused to see plaintiff, even though she made numerous calls and attempts to see him, and told plaintiff he would not see her in the future; that Dr. Elie refused to recommend another doctor or hospital for her treatment although post-operative problems existed. The complaint further alleged that the alleged negligent acts or omissions on

the part of Dr. Elie proximately caused aggravation of her condition to plaintiff's damage.

Defendant's combined "Motion for Judgment on the Pleadings or in the Alternative to Dismiss or in the Alternative to Strike Appropriate Parts in Respect to the Amended Complaint" was granted by the trial court. As directed to count III the motion noted the complaint attempted to set forth some type of "abandonment" cause of action, but failed to allege facts entitling plaintiff to relief.

In an earlier memorandum of decision, after which count III of the original complaint was dismissed, the trial court noted that the theory of abandonment has not been sustained in Illinois. In its letter to counsel for these defendants regarding their motion to dismiss the amended complaint, the court stated it was not going to consider the abandonment theory.

In this court, defendants acknowledge that medical malpractice theories based upon patient abandonment by their physicians have been recognized in Illinois and other jurisdictions. They argue, however, that to be actionable abandonment must occur at a "critical" stage of treatment and plaintiff failed to so allege, citing, *e.g.*, *Clark v. Wichman* (1962), 72 N.J. Super. 486, 491, 179 A.2d 38, 41; *Lee v. Dewbre* (Tex. Civ. App. 1962), 362 S.W.2d 900, 902; *Stohlman v. Davis* (1928), 117 Neb. 178, 184, 220 N.W. 247, 250; *Katsetos v. Nolan* (1976), 170 Conn. 637, 368 A.2d 172.

In Illinois a physician has a duty to employ a reasonable amount of care and skill as is ordinarily possessed by members of his profession, and, when a physician refuses to treat a patient needing further treatment, without giving the patient a reasonable time to find substitute care, that duty is breached. (*Ritchey v. West* (1860), 23 Ill. 329, 331; *Longman v. Jasiek* (1980), 91 Ill. App. 3d 83, 88, 414 N.E.2d 520, 523, *appeal denied* (1981), 83 Ill. 2d 570; *Church v. Adler* (1953), 350 Ill. App. 471, 482, 113 N.E.2d 327, 330; *Prichard v. Moore* (1897), 75 Ill. App. 553.) The surgeon's duty to continue treating his patient is not established within the absolute discretion of the surgeon himself, but rather is subject to the standards of the profession. (*Longman v. Jasiek* (1980), 91 Ill. App. 3d 83, 88, 414 N.E.2d 520, 523, *appeal denied* (1981), 83 Ill. 2d 570; *Church v. Adler* (1953), 350 Ill. App. 471, 482, 113 N.E.2d 327, 332.) Whether the physician breached his duty by refusing further treatment is a question of fact. *Church v. Adler* (1953), 350 Ill. App. 471, 482, 113 N.E.2d 327, 332.

We conclude count III also alleged sufficient facts to withstand the motion to dismiss. As noted in *Longman v. Jasiek* (1980), 91 Ill. App. 3d 83, 414 N.E.2d 520, "[w]here injury results from the

surgeon's refusal to continue treatment through postoperative complications as would another professional exercising ordinary skill and care, a cognizable claim arises." (91 Ill. App. 3d 83, 88, 414 N.E.2d 520, 523.) That is what plaintiff has alleged in her complaint, and if the proof at trial conforms to these allegations, she could be entitled to recover. *Church v. Adler* (1953), 350 Ill. App. 471, 481, 113 N.E.2d 327, 331.

Accordingly, the judgment of the circuit court of Lee County is reversed and the cause remanded for further proceedings.

Reversed and remanded.

REINHARD and VAN DEUSEN, JJ., concur.