DENNIS J. NOVEY, Plaintiff-Appellee, v. KISHWAUKEE COMMUNITY HEALTH SERVICES CENTER *et al.*, Defendants-Appellants.

Second District   No. 2—88—0145

Opinion filed November 30, 1988.

Kostantacos, Traum, Reuterfors & McWilliams, P.C., of Rockford (Lawrence R. Kream, of counsel), for appellants.

Richard L. Turner, Jr., of Sycamore, for appellee.

PRESIDING JUSTICE LINDBERG delivered the opinion of the court:

Plaintiff, Dennis J. Novey, brought this medical malpractice action against defendants, Kishwaukee Community Health Services Center (Kishwaukee) and M. B. "Beth" Cook (Cook), a registered physical therapist employed by Kishwaukee, to recover damages sustained when the flexor tendon of his left middle finger ruptured on July 14, 1982, while Cook was administering physical therapy to plaintiff. Following a jury trial in the circuit court of De Kalb County, the jury rendered a verdict in favor of plaintiff and against defendant in the amount of $10,000. Plaintiff's post-trial motion for an *additur* was granted adding the sum of $5,254.26 to the verdict. Defendants' post-trial motion to reduce the verdict by the amount of medical expenses compensated by insurance was granted, and the verdict was reduced by the sum of $3,127.13. Defendants' other post-trial motion for judgment notwithstanding the verdict or in the alternative for a new trial was denied, and judgment was entered in favor of plaintiff and against defendants for the sum of $12,127.67. Defendants have appealed and argue that the trial court erred in (1) allowing an occupational therapist, Eva McCormick, to testify as an expert witness for plaintiff to the standard of care applicable to defendant Cook, a physical therapist, and (2) in failing to properly instruct the jury.

Plaintiff, Dennis J. Novey, severely cut his left hand in a power saw accident on June 12, 1982. The accident with the saw severed tendons and nerves in plaintiff's hand which allowed movement of his fingers. On June 13, 1982, Dr. Weiskopf, a plastic surgeon specializing

in treating severe hand injuries like plaintiff's, performed surgery to repair the damage to plaintiff's hand. Among the tendons repaired was plaintiff's flexor tendon of the middle finger. This tendon allows the finger to bend or flex toward the palm of the hand. Four weeks later on July 13, 1982, after removing a post-surgical cast from plaintiff's hand, Dr. Weiskopf gave plaintiff a prescription for physical therapy. Dr. Weiskopf does not prescribe physical therapy for all his patients with flexor tendon injuries but believes with certain injuries treatment by a physical therapist helps the patient's rehabilitation.

On July 14, 1982, plaintiff took Dr. Weiskopf's prescription to Cook, a physical therapist registered and licensed in Illinois, practicing at Kishwaukee in De Kalb County, Illinois. Cook is the only physical therapist at Kishwaukee and is in charge of two people who assist in physical therapy and two cardiac rehabilitation nurses. Cook has been a physical therapist for 29 years and licensed in Illinois since 1961. In the course of being treated by Cook on July 14, 1982, plaintiff's flexor tendon of the middle finger ruptured. Plaintiff needed several more surgeries, including a tendon graft, in an attempt to regain full use of his middle finger and suffered some permanent loss of function to the middle finger of his left hand.

Plaintiff sued defendant Cook for negligence based on the theory that she failed to meet the standard of care for physical therapists in the same or similar localities in performing physical therapy on plaintiff's hand in that she improperly manipulated plaintiff's finger, and as a proximate cause of such failure, plaintiff sustained a permanent injury to the middle finger of his left hand. The issue presented by this appeal is whether a licensed occupational therapist can testify to the standard of care applicable to a licensed physical therapist in the performance of physical therapy.

█ █ To establish negligent medical malpractice, the plaintiff must prove the proper standard of care to measure the defendant practitioner's conduct, a negligent breach of that standard, and a resulting injury proximately caused by the practitioner's lack of skill or care. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 489 N.E.2d 867; *Dolan v. Galluzzo* (1979), 77 Ill. 2d 279, 396 N.E.2d 13.) Except where the negligence is so grossly apparent or within the everyday knowledge of a lay person, expert testimony is required to establish the standard of care applicable to the defendant practitioner and breach of that standard. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 489 N.E.2d 867; *Weekly v. Solomon* (1987), 156 Ill. App. 3d 1011, 510 N.E.2d 152.) Our supreme court adopted the "school of medicine" doctrine with respect to medical experts and the standard of care in *Dolan v. Galluzzo* (1979), 77

Ill. 2d 279, 396 N.E.2d 13. (*Bartimus v. Paxton Community Hospital* (1983), 120 Ill. App. 3d 1060, 458 N.E.2d 1072.) Under the "school of medicine" doctrine, the expert who establishes the practitioner's deviation from the pertinent standard of care must be both a licensed member of the school of medicine about which he opines and familiar with the ordinary methods, procedures and treatments of practitioners in the actual or a similar community unless certain uniform standards apply regardless of either locality or available conditions and facilities. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 489 N.E.2d 867.) Once the requirement of a license to practice in the school of medicine to which the witness seeks to testify is satisfied, it lies within the sound discretion of the trial court to determine if the witness is qualified and competent to state his opinion as an expert regarding the standard of care. (*Dolan v. Galluzzo* (1979), 77 Ill. 2d 279, 396 N.E.2d 13.) The rationale behind the licensing requirement of *Dolan* is that the legislature has recognized different schools of medicine but does not favor one school over another, and since different schools have differing methods of treatment and practice, it would be inequitable to have the conduct of a duly licensed practitioner of one school judged by the standards of a different school of medicine. *Bartimus v. Paxton Community Hospital* (1983), 120 Ill. App. 3d 1060, 458 N.E.2d 1072 (distinguished *Dolan* and held that since allopathic (M.D.) physician received same license to practice medicine in all its branches pursuant to section 1 of the Medical Practice Act (Ill. Rev. Stat. 1981, ch. 111, par. 4401 *et seq.*) as did an osteopathic physician, licensing requirement of *Dolan* was met).

In the instant case, it is undisputed that occupational therapists and physical therapists are different schools of medicine as recognized by the legislature in providing for the regulation and licensing of the two professions. (Compare Ill. Rev. Stat. 1987, ch. 111, pars. 4251 through 4286 (physical therapists) with Ill. Rev. Stat. 1987, ch. 111, pars. 3701 through 3737 (occupational therapists); see *Dolan v. Galluzzo* (1979), 77 Ill. 2d 279, 396 N.E.2d 13.) A reading of the relevant statutes as well as Eva McCormick's own testimony establishes that there are significant differences in the education, training and licensing of the two professions. Eva McCormick testified that she was not a licensed physical therapist in Illinois or any other State; that she was never trained or educated as a physical therapist; and that she was not familiar with the standard of care applicable to a physical therapist in defendant Cook's locality or any similar locality. Eva McCormick's lack of a license to practice physical therapy alone precluded her from testifying as to the standard of care applicable to a

physical therapist. (*Dolan v. Galluzzo* (1979), 77 Ill. 2d 279, 396 N.E.2d 13.) Further, Eva McCormick's own testimony established that she was not familiar with the standard of care applicable to any physical therapist and that she could not meet the second requirement of *Dolan* as to familiarity with the applicable standard of care. (*Weekly v. Solomon* (1987), 156 Ill. App. 3d 1011, 510 N.E.2d 152; *Landers v. Ghosh* (1986), 143 Ill. App. 3d 94, 491 N.E.2d 950; see *Witherell v. Weimer* (1987), 118 Ill. 2d 321, 332-33, 515 N.E.2d 68, 74 (held fact that expert witness who testified as to standard of care for M.D. prescribing oral contraceptives lacked actual license to practice as an M.D. was harmless error where the expert witness held an M.D. degree, a masters degree in pharmacology, and had taught pharmacology in medical schools, clearly establishing familiarity with applicable standard of care).) The trial court erred when it allowed Eva McCormick, plaintiff's expert, to testify as to the standard of care applicable to defendant Cook, a physical therapist.

■ The issue now before us is whether to grant defendants a new trial or to enter a verdict in favor of defendants. (*Lesperance v. Wolff* (1979), 79 Ill. App. 3d 136, 398 N.E.2d 360.) Defendants argue that since plaintiff failed to present admissible expert testimony on the applicable standard of care, plaintiff failed to establish a *prima facie* case of malpractice and defendants are therefore entitled to have the verdict directed in their favor. (See *Walski v. Tiesenga* (1978), 72 Ill. 2d 249, 381 N.E.2d 279 (in absence of expert testimony establishing requisite standard of care, patient could not recover for alleged malpractice of medical partitioner, and trial court correctly directed verdict in favor of defendant).) We disagree with defendants' argument. The testimony of the defendant medical practitioner or the defendants' own expert may be sufficient to establish the standard of care applicable to a defendant practitioner. (*Walski v. Tiesenga* (1978), 72 Ill. 2d 249, 381 N.E.2d 279.) A directed verdict in favor of defendants would not be warranted where there is positive expert testimony concerning the standard of care. (*Walski v. Tiesenga* (1978), 72 Ill. 2d 249, 381 N.E.2d 279.) The weight to be given such testimony is for the trier of fact. *Walski v. Tiesenga* (1978), 72 Ill. 2d 249, 381 N.E.2d 279.

■ In the instant case, plaintiff's only expert, Eva McCormick, was not competent to testify to the applicable standard of care. However, the testimony of defendant Cook and defendants' expert, James Bosanny, established the applicable standard of care. Both Cook and Bosanny testified that it would have been a breach of the applicable standard of care for defendant Cook to have passively extended plain-

tiff's middle finger while plaintiff's wrist was straight or not in the "protective position." However, according to Cook's and Bosanny's testimony, passive extension of plaintiff's finger while the wrist was bent or cupped in the "protective position" was proper and not a violation of the standard of care applicable to defendant Cook, a physical therapist in De Kalb in 1982. In light of this testimony, defendants' argument on appeal does not entitle them to have a verdict entered in their favor. However, we find other grounds which entitle defendants to a verdict in their favor.

While there is evidence as to the standard of care applicable to defendant, there is insufficient evidence as to any conduct by defendant which breached the applicable standard of care. Where the evidence, viewed in a light most favorable to the plaintiff, so overwhelmingly favors defendant that no contrary verdict could stand on the evidence, the defendant is entitled to a verdict in his favor. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504.) Plaintiff, in order to recover, needed to prove that defendant Cook extended plaintiff's finger while plaintiff's wrist was not in the protected position. Although defendant admitted such conduct on her part would be negligent, she denied that she ever extended plaintiff's finger when the wrist was not bent or in the protective position as required by the applicable standard of care. Plaintiff failed to introduce any evidence to contradict this assertion by defendant. Plaintiff could not recall whether defendant ever extended his finger with the wrist not in the protective position while he was receiving therapy on his middle finger. Further, plaintiff's testimony even corroborated that of defendant Cook's. Plaintiff testified consistently with Cook's testimony that when Cook began the therapy exercises on plaintiff's middle finger, plaintiff's wrist was in the protected or bent position.

While the credibility of witnesses and the weight to be accorded their testimony are typically jury considerations, where the testimony of a witness is neither contradicted by testimony or circumstances, nor inherently improbable, and the witness has not been impeached, that testimony cannot be disregarded even by a jury. (*Drake v. Harrison* (1987), 151 Ill. App. 3d 1082, 503 N.E.2d 1072.) A jury may not make an affirmative finding that the exact opposite of a witness' testimony is true if there is no evidence to support such a finding. *Drake v. Harrison* (1987), 151 Ill. App. 3d 1082, 503 N.E.2d 1072.

We conclude that there was insufficient evidence adduced at trial to establish that defendant Cook extended plaintiff's finger while

plaintiff's wrist was extended in violation of the applicable standard of care. Under the standard announced in *Pedrick*, where, as here, no contrary verdict based on the evidence could ever stand, defendants are entitled to a verdict in their favor. Accordingly, we reverse the judgment of the circuit court of De Kalb County and enter judgment notwithstanding the verdict in favor of defendants. *Hajeck v. Wyrick* (1984), 124 Ill. App. 3d 210, 463 N.E.2d 1348; *Lesperance v. Wolff* (1979), 79 Ill. App. 3d 136, 398 N.E.2d 360; *Thorne v. Elmore* (1979), 79 Ill. App. 3d 333, 398 N.E.2d 837.

Reversed.

REINHARD and UNVERZAGT, JJ., concur.